**UNITED STATES of America,
Plaintiff,**

v.

**William PENA, Defendant.**

**No. 98–CR–0006A.**

United States District Court,
W.D. New York.

Sept. 25, 1998.

Marianne Mariano, Federal Public Defender Office, Buffalo, NY, for William Pena.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1), on January 29, 1998. On April 9, 1998, defendant filed a motion to dismiss Count 1 of the indictment.

On August 13, 1998, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendant's motion be denied.

Objections to the Magistrate Judge's Report and Recommendation were filed by defendant on August 20, 1998. Oral argument on the objections was held on September 24, 1998.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion to dismiss Count 1 of the indictment is denied.

IT IS ORDERED that this matter is referred back to Magistrate Judge Heckman for further proceedings.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

Defendant Pena moves to dismiss Count one of the indictment as duplicitous. For the reasons that follow, the defendant's motion should be denied.

### BACKGROUND

Count One of the indictment charges defendant Pena and co-defendant Richard Rodriguez with conspiracy (1) to possess with intent to distribute, and to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and (2) to possess in excess of 5 grams of crack cocaine, in violation of 21 U.S.C. § 844(a); all in violation of 21 U.S.C. § 846.

### DISCUSSION

An indictment is duplicitous if it joins two or more distinct crimes in a single count. *United States v. Murray,* 618 F.2d 892, 896 (2d Cir.1980). The doctrine is properly invoked in order to avoid the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and not guilty as to another, to avoid the risk that jurors may not be unanimous as to a particular offense, to assure the defendant of adequate notice, to provide the basis for appropriate sentencing, and to protect against double jeopardy. *Id.* Thus, where the inclusion of several allegations in a single count does not risk unfairness to the defendant, the indictment should not be found to be impermissibly duplicitous.

In this case, the defendant argues that Count One is duplicitous because it charges a conspiracy to commit two separate crimes, each of which involves sepa-

rate sentencing parameters. The charge of conspiracy to possess 50 grams or more of crack cocaine with intent to distribute carries a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life. The charge of conspiracy to possess in excess of 5 grams of crack cocaine carries a mandatory minimum sentence of five years imprisonment and a maximum sentence of 20 years under Title 21 U.S.C. § 844(a). The defendant thus argues that a general verdict of guilty on Count One will leave unanswered the question of whether the defendant was convicted of conspiracy to distribute 50 grams or more of crack cocaine or whether the defendant was convicted of conspiracy to possess crack cocaine of 5 grams or more. As a consequence, the sentencing judge will be unable to ascertain the appropriate minimum and maximum penalties.

■ Defendant's argument should be rejected. Only one crime is charged in Count One the crime of conspiracy. It is proper to charge conspiracy to commit more than one crime. *Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Carson,* 464 F.2d 424, 435 (2d Cir.), *cert. denied,* 409 U.S. 949, 93 S.Ct. 268, 34 L.Ed.2d 219 (1972); see also, *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Gambino,* 729 F.Supp. 954, 958 (S.D.N.Y.1990).

Furthermore, the Second Circuit has found that the quantity of drugs alleged in an indictment is not an element of the narcotics crime contained in Section 841(a) and 846. *United States v. Campuzano,* 905 F.2d 677, 679 (2d Cir.1990), *cert. denied,* 498 U.S. 947, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990):

> Section 841(a) of Title 21 prohibits the distribution of *any* amount of cocaine and in no way requires proof of a particular quantity of narcotics as an element of the conspiracy to distribute. When an indictment does allege that a particular quantity is involved, the effect is only to put the defendant on notice that the enhanced penalty provisions of Section 841(b) may apply. Because the quantity is relevant only to enhancement of the sentence, the government is not required to prove the quantity alleged, unless of course the specification of the particular quantity is somehow misleading to the defendant as to the conduct or transaction that is the basis of the charge.

This rationale is equally applicable to crimes prosecuted in 21 U.S.C. § 844. As the Second Circuit therein recognized a special verdict form can be used to assist the court in the sentencing phase of the case.

The Supreme Court's recent decision in *Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1988) provides further support. There, the conspiracy charge covered both cocaine and cocaine base. The Supreme Court held that the sentencing judge is to decide the amount and the nature of the controlled substance at issue and to impose a sentence under the guidelines in accordance with that determination.

■ The defendant argues that if he is convicted upon a general verdict, it would violate his rights if the court imposed the 10–year mandatory minimum sentence rather than the 5–year minimum. However, this argument is premature, and in any event can be avoided through the use of a special interrogatory. Although special verdicts are generally disfavored in criminal cases, it is appropriate to use a special verdict to assist the court in the sentencing phase. *United States v. Campuzano, supra.*

## CONCLUSION

For the foregoing reasons, defendant's motion should be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd.*, et al., 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and Report and Recommendation to the attorneys for the parties.

SO ORDERED.

August 13, 1999.