[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1804

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 AARON D. JAMISON,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Aldrich, Senior Circuit Judge,
and Shadur, Senior U.S. District Judge.

 Lisa S. Mouradian for appellant.
 Margaret D. McGaughey, Assistant United States Attorney, with
whom Jonathan R. Chapman, Assistant United States Attorney, and Jay
P. McCloskey, United States Attorney, were on brief for appellee.

 

 MARCH 26, 1999
 Per Curiam. On May 19, 1994, Aaron Jamison was
convicted in the U.S. District Court for the District of Maine
of conspiring to distribute and to possess with intent to
distribute cocaine base in violation of 21 U.S.C. 846 and
possession with intent to distribute cocaine base in violation
of 21 U.S.C. 841(a)(1). After significant post-trial
activity, this case comes before us on appeal of the original
conviction and sentence. We affirm.
 On the evening of January 25, 1994, Maine Drug
Enforcement Agency (MDEA) narcotics agents arrested a Roxanne
Sullivan in Berwick, Maine for selling 1.9 grams of crack
cocaine to an undercover agent. She agreed to arrange a
purchase from her source so that they might arrest him as
well. Her source was to meet her at the same parking lot
where she had been arrested, and later that evening a van
driven by co-defendant Eugene Martin and carrying defendant
Jamison entered the lot. Sullivan entered the van wearing a
body wire, over which the agents listened in on the drug
transaction. Upon a prearranged signal from Sullivan, the
agents approached the van and arrested Martin and Jamison. 
They found, among other things, a false-bottomed Pledge
furniture polish can between the two front seats. Inside the
can were ten grams of powder cocaine and several plastic bags
containing a total of 17.4 grams of crack cocaine. Sullivan
also turned over two aluminum foil packets, received during
the transaction, that contained a total of two grams of crack
cocaine.
 Martin and Jamison were tried jointly before a jury on
May 18, 1994, and the jury found them guilty as charged on May
19. Jamison was sentenced to 236 months in prison on each
count, to be served concurrently, plus four years of
supervised release and ordered to pay a $100 assessment.
 The post-conviction legal maneuvering began with a
direct appeal by both defendants, but Jamison's appeal was
dismissed for want of prosecution and an opinion issued with
respect to Martin only. Later, Jamison filed a pro se Motion
to Vacate, Set Aside, or Correct Sentence pursuant to 28
U.S.C. 2255 based on ineffective assistance of counsel. He
claimed, first, that his trial counsel was ineffective
because, among other things, he had failed to cross-examine
Sullivan adequately. Jamison also claimed that his appellate
counsel was ineffective in allowing his appeal to be defaulted
and asked that his appellate rights be restored.
 Jamison's form motion, which was signed under penalty
of perjury, evinced only the allegations that his trial and
appellate counsel had provided ineffective assistance. The
memorandum to which it referred for supporting facts was not
signed under penalty of perjury. Thus, aside from a precious
few submitted in affidavits, the facts supporting Jamison's
allegations of ineffective assistance were unsworn. It was
for this reason that the magistrate judge, on August 20, 1997,
recommended denying the motion as to both claims. He did
address the merits of the claims, however, noting that if
Jamison had sworn to the supporting facts, his claim as to
trial counsel certainly would have failed but his claim as to
appellate counsel would have succeeded. The district court
affirmed the recommended decision on October 3, 1997, and
judgment denying the motion was entered on October 6.
 Jamison filed a notice of appeal on October 23 and
requested a certificate of appealability from the district
court. Upon its denial, Jamison filed the same request in
this court. In an order dated March 4, 1998, this court
granted the request, but only as to his claim that his
appellate counsel had caused the defaulted appeal. The case
was remanded for expansion of the record and a determination
of whether the failure to perfect the appeal was indeed
attributable to Jamison's appellate counsel or, instead, to
Jamison himself. The government ultimately assented to the
reinstatement of Jamison's appellate rights before that
determination was made, and the district court reinstated the
appeal period by order dated June 23, 1998. Jamison filed a
new notice of appeal on July 9, and that appeal is before us
now.
 It is clear from the foregoing review of the
procedural history that Jamison's second claim on appeal, that
his 2255 motion was improperly denied, is not properly
before this court. Before us is the direct appeal on which
Jamison defaulted but was allowed to refile since his
appellate counsel had caused the default. Jamison has already
sought review of the denial of his 2255 motion. The
district court declined to grant a certificate of
appealability as to both grounds, and this court granted one
only as to the second ground. Jamison's claim of ineffective
trial counsel died when this court denied the requisite
certificate of appealability, and Jamison cannot resurrect it
on direct appeal of his conviction and sentence.
 We also reject Jamison's other two contentions on
appeal. They are each based in some manner upon the trial
judge's failure to require, in its jury instructions and a
verdict form question, that the jury determine whether, as the
indictment charged, the offenses involved more than five grams
of cocaine base.
 First, Jamison challenges his conviction, arguing that
the jury should have been instructed to find that each offense
involved more than five grams of crack cocaine before
convicting him. But this argument suffers from the
fundamental misconception that drug amount is an element of
the offense that the government must prove to the jury beyond
a reasonable doubt. This is not so:
 Drug quantity, however, is not an element of
 the offense of conviction, 21 U.S.C. 846
 and 841(a)(1), but is typically relevant only
 for determining the penalty. As such, drug
 quantity for purposes of 841(b) is
 determined by the sentencing court under a
 preponderance-of-the-evidence standard.

United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996)
(citations omitted). The fact that the indictment charged
possession in excess of five grams does not change matters. 
The trial judge committed no error in reserving to himself the
task of determining the quantity of crack cocaine involved,
and the convictions for conspiracy and possession with intent
to distribute were entirely proper.
 Second, Jamison challenges his sentence, arguing that,
in the absence of a jury finding as to drug quantity, the
trial judge committed plain error by determining for
Guidelines sentencing purposes the amount of crack cocaine
involved in his offenses. But, again, drug quantity is not an
element of the offense and is to be determined by the judge at
sentencing under a preponderance-of-the-evidence standard. 
See id. The rule is the same whether the judge is determining
the mandatory minimum sentence pursuant to statute or
calculating a defendant's base offense level under the
Sentencing Guidelines. See United States v. Edwards, 118 S.
Ct. 1475, 1477 (1998) ("The Sentencing Guidelines instruct the
judge in a case like this one to determine both the amount and
the kind of 'controlled substances' for which a defendant
should be held accountable--and then to impose a sentence that
varies depending upon amount and kind.") (emphasis added). 
Thus, just as Jamison's conviction was proper, so too was his
sentence. 
 Affirmed.