UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4276

KENNETH WAYNE MCLEOD, a/k/a
Killer,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-306)

Submitted: January 20, 2000

Decided: February 2, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Robert A.J. Lang,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Wayne McLeod pled guilty to conspiracy to distribute cocaine base (crack), <u>see</u> 21 U.S.C. § 841(a) (1994), and to carrying a firearm during a drug trafficking crime. <u>See</u> 18 U.S.C.A. § 924(c) (West Supp. 1999). He was sentenced to a term of 320 months for the drug conspiracy and a consecutive 60-month term for the firearms offense.

McLeod's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising as a potentially meritorious issue the three-level adjustment he received for being a manager or supervisor of other participants in the conspiracy. <u>See U.S. Sentencing Guidelines Manual</u> § 3B1.1(b) (1998). In two pro se supplemental briefs, McLeod challenges the role adjustment as well as the district court's calculation of the base offense level.

At the sentencing hearing, McLeod and his attorney conceded that the role adjustment was warranted. Consequently, this issue is reviewed only for plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Our review of the record discloses that the information in the presentence report amply supported the adjustment and that no plain error occurred.

In his second pro se supplemental brief, Mcleod suggests that he should have been sentenced for a conspiracy involving marijuana because his relevant conduct included marijuana as well as crack. He relies on <u>Edwards v. United States</u>, 523 U.S. ___, 118 S. Ct. 1475 (1998), and other cases in which the defendant was tried for conspiring to traffic in several drugs and the jury returned a general verdict of guilty, leaving some doubt as to whether the defendant was found guilty of conspiring to distribute all the drugs charged. However, because McLeod pled guilty to conspiracy to distribute crack, there

2

is no doubt that the guideline for crack offenses was properly applied in his case.

Pursuant to <u>Anders</u>, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3