**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4079

DARRYL GLEN RILEY, a/k/a Kendu,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4101

SANTRA LAVONNE RUCKER,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-101)

Argued: March 3, 2000

Decided: May 15, 2000

Before WIDENER and KING, Circuit Judges, and James H.
MICHAEL, Jr., Senior United States District Judge for the Western
District of Virginia, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Christopher Ford Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant Riley; Anthony Joseph Vegh, Cleveland, Ohio, for Appellant Rucker. John Staige Davis, V, Assistant United States Attorney, Sara Elizabeth Flannery, Special Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After a trial involving detailed and extensive evidence, appellants Darryl Glen Riley and Santra Rucker were convicted by the jury of several counts in the indictment. Of particular interest here was the conviction on the first count of the indictment, charging them with conspiring to possess with intent to distribute crack cocaine and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) & (iii). Jurisdiction in this court is pursuant to 28 U.S.C. § 1291.

On appeal, appellants raise numerous issues, but the principal focus here is on the contention of appellants that the court should have used a special verdict form concerning Count 1, so that there could be some distinction between cocaine base (hereinafter crack or crack cocaine) and powder cocaine, apparently on the belief, not clearly expressed in the briefs, that there should have been some findings of the quantity of both crack cocaine and powder cocaine by the jury. The court finds that this issue on appeal merits discussion.[1] After the

_____

[1] In addition to the issue more fully set forth in the following opinion, the court was also concerned with the prejudicial effects of the admission

2

appropriate post-verdict procedures, both Riley and Rucker were sentenced to life in prison. For the reasons that follow, we affirm the convictions of the appellants, but remand the case for re-sentencing.

I.

On this indictment, the prosecution was centered on a "drug partnership" of New York drug dealer Darryl "Kendu" Riley and his girlfriend, Santra Rucker, whose association with Rucker was principally in Virginia. The evidence was replete with detailed transactions showing that Riley purchased multiple kilos of cocaine from various suppliers in New York City, and that he then sold that cocaine, again in major quantities, to drug dealers in Virginia. Rucker dealt extensively in drugs in Virginia and developed an extensive clientele among the crack dealers in rural Westmoreland and Northumberland Counties, on Virginia's Northern Neck, utilizing in a number of instances the brokering service of a Rhonda Washington.

On October 10, 1999, a jury found both appellants guilty of several of the counts in the superseding indictment, by way of a general verdict form. The appellants allege the district court plainly erred in failing to utilize a special verdict form as to Count 1 of the superceding indictment. As noted, Count 1 charged the appellants with conspiracy to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack") and five kilograms or more of a mixture and substance containing a detectable amount of cocaine powder ("powder"). The general verdict did not distinguish the charged crack cocaine and the powder cocaine, thus reasonably indicating a guilt of a conspiracy to distribute both forms. No objection was made by either of appellants' counsel at the time of the trial. The appellants now assert that because of the disparity of punishment between crack and powder cocaine offenses, they should be re-

_____

into evidence of the videotape of the appellants attending a known New York drug dealer's funeral. However, the court determined that it was within the trial court's discretion to admit the tape as the tape showed the appellants in close association with New York drug dealers in a social setting. This evidence was particularly relevant in light of the fact that Rucker testified that she did not associate with the New York dealers.

3

sentenced. It is important to note that the finding of guilt is a finding of guilt of a conspiracy. The fact that that conspiracy alleged both crack and powder cocaine does not change the fact that the gravamen of the charge is conspiracy.

II.

Because trial counsel failed to object to the asserted errors at trial, the court must review the record for plain error pursuant to Fed. R. Crim. P. 52(b). See United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993). If the error is plain and affects substantial rights, the court may then exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Johnson v. United States, 520 U.S. 461, 466-67 (1997).

When a general verdict form is utilized in relation to a conspiracy count charging possession and distribution of two or more illegal substances, a court may be unable clearly to decipher for which substance, or substances, the jury is convicting the defendant. In the present case, the jury found by its general verdict the appellants Riley and Rucker guilty of conspiring to possess with intent to distribute both crack cocaine and powder cocaine. There are numerous conclusions that could be inferred regarding which substance the jury actually convicted each appellant of, because of the use of the general verdict form. The most likely such conclusion is that the jury concluded that the appellants were engaged in a conspiracy which involved both crack cocaine and powder cocaine. There are other such conclusions, but they seem much less likely than that set out. The jury could have decided that Riley was guilty of dealing with crack cocaine and Rucker guilty of powder or visa versa. The jury also could have concluded that both appellants distributed only crack, or that the appellants distributed only powder. However, because the distinction between the types of controlled substances, and particularly the amounts of each, are factors pertinent in the punishment phase, it is appropriate for a jury to find the defendants guilty of the overarching crime of conspiring to possess and distribute one or more substances, again emphasizing the fact that the gravamen of this count in the indictment is conspiracy.

4

The Supreme Court upheld a sentence based on quantities of both powder and crack cocaine following a general verdict of guilty with respect to a conspiracy count that charged possession and distribution of both substances. See Edwards v. United States , 523 U.S. 511, 513 (1998). The Court recognized that the "Sentencing Guidelines instruct the judge in a case like this one to determine both the amount and the kind of `controlled substances' for which a defendant should be held accountable--and then to impose a sentence that varies depending upon amount and kind." Id. at 513-14. **2** Thus, when a general verdict form is utilized in a conspiracy count charging the possession and distribution of more than one substance, the sentencing judge must determine the type of substance and amount attributable to each defendant. In brief, both the kind of cocaine and the amount of each kind become of particular importance in the sentencing phase of the trial, where determination of these questions of type and amount is committed to the sentencing judge. A finding of guilt to such a conspiracy is not vitiated by the use of a general verdict form.

Edwards, however, is distinguishable from the present case because here it is possible that the appellants' sentences may have exceeded the statutory maximum for the lesser offense of powder cocaine. In Edwards the sentence did not exceed the lesser maximum penalty. This court has recently addressed this distinction. See United States v. Rhynes, Nos. 97-4465, 1999 WL 1426103 (Oct. 26, 1999). In Rhynes, the court recognized that prior to Edwards it had invalidated sentences where a general verdict form was utilized when the indictment charged two offenses in the same count. The rationale

_____

**2** The analysis herein is undertaken without consideration of what application the Guidelines' instruction as to "relevant conduct" might have in this case. As pointed out in Edwards, the Guidelines tell the sentencing judge that he may take into account in sentencing the defendant's "relevant conduct." Edwards, 523 U.S. at 513. The sentence may include both the conduct underlying the conviction and "relevant conduct" that is "part of the same course of conduct or common scheme or plan as the offense of conviction." Id. (quoting USSG § 1B1.3(a)(2)). Nonetheless, the sentence imposed here, depending on types and amounts of controlled substances found by the judge, cannot exceed the maximum sentence prescribed in the statute. As Judge Breyer noted in Edwards, "a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines." Id. at 515.

behind such practice was that it was improper for a judge to impose a sentence based on two different substances where the sentence might exceed the statutory maximum penalty for the lesser substance, but where the jury may have intended only to find the defendant guilty of the lesser offense. Id. at *31; United States v. Quicksey, 525 F2d 337 (4th Cir. 1975). This court determined that Edwards did not overturn this practice, as the Supreme Court noted that the outcome in Edwards would have been different if the defendants' sentences exceeded the statutory maximum for the lesser offense: "That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines." Id. at *30 (quoting Edwards, 523 U.S. at 515 (citing U.S.S.G. § 5G1.1)). In reconciling the Edwards decision with this court's common practice, the court held that "no defendant could be sentenced for more than the statutory maximum for the least-serious, single-drug conspiracy of which he may have been convicted." Id. at *31.

Under the statute, it is possible, depending on the amount of crack or powder cocaine, or both, possessed and distributed by each appellant, that the maximum penalty under the lesser offense, here assumed to be the penalty for powder cocaine, may be less than life imprisonment. However, it is also possible that the maximum sentence for powder, depending on the amount, may be life imprisonment.**3** From argument of counsel, it might be inferred that the latter is more likely the case. However, it is not proper for this court on this record to determine what the maximum penalty should be, since such a deter-

_____

**3** The permutations involved in determining the answers raised by the analysis above are numerous, but may be summarized by stating that the court below must determine the amount of crack cocaine attributable to each of the defendants, the amount of powder cocaine attributed to each of the defendants, and from those determinations, based on those amounts, find the appropriate sentence for each of the defendants. If the amounts of crack cocaine and powder cocaine attributed to each of the defendants is sufficient in quantity to invoke the life sentence term, then that concludes the matter. On the other hand, if one or both of the defendants should be found to have possessed less than that amount of crack or powder cocaine, then the statutory maximum sentence for the lesser amount, whether of crack or of powder cocaine, must be imposed as to each defendant, again depending on the amount of each substance attributable to each defendant.

mination would involve a finding of fact as to the amount of crack or powder cocaine attributable to each appellant. Because at sentencing, the judge did not attribute a drug weight for the two kinds of cocaine for each appellant,[4] such fact finding should not be undertaken by this court. Thus, the case is remanded to the sentencing court for the imposition of a sentence for each appellant in accordance with the Rhynes decision.

III.

Based on this court's ruling in Rhynes, the court finds that it must remand the case for re-sentencing of both appellants on this issue alone. The court has carefully reviewed the many remaining assignments of error, but finds that they have no merit. Accordingly, all other decisions of the district court are affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

[4] Determination of such drug weight is an essential element in fixing the sentence in any given drug case -- a matter committed to the sentencing judge for determination.

7