**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 00-4029

HAROLD EVANS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-6)

Submitted: July 20, 2000

Decided: September 15, 2000

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Nancy C. Dickenson, Lebanon, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Rick A. Mountcastle, Assistant
United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Harold Evans appeals his convictions for conspiracy to transport and receive in interstate commerce stolen vehicles and goods, in violation of 18 U.S.C.A. § 371 (West 2000), and receiving stolen motor vehicles, in violation of 18 U.S.C.A. § 2313 (West Supp. 2000), 18 U.S.C.A. § 2 (West 2000). He was convicted following a jury trial. The district court sentenced Evans to concurrent sentences of seventy-eight months imprisonment followed by three years of supervised release, and ordered him to make restitution. Evans's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the propriety of the sentence.

Evans, who lived in Baltimore, Maryland, had a long-standing plan with his brother, William, who lived in Smyth County, Virginia. The brothers and other coconspirators stole trucks and heavy equipment and transported them between Baltimore and Smyth County, often altering the appearance and vehicle identification numbers before selling the vehicles. Harold Evans was an organizer of the conspiracy; he taught others how to break into and start the trucks without keys, often selected vehicles to be stolen, and directed what was to be done with them. The other conspirators pled guilty, but Harold Evans was tried and convicted by a jury.

We review the sufficiency of the evidence in the light most favorable to the Government, giving the benefit of all reasonable inferences from the established facts. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The evidence must be sufficient for a rational trier of fact to have found the elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942).

The Government introduced evidence at trial that Evans, his brother, and others conspired to transport several motor vehicles across state lines. The evidence was adequate to establish the agreement between at least two people, and an overt act in furtherance of that conspiracy. 18 U.S.C. § 371; see United States v. Chorman, 910 F.2d 102, 109 (4th Cir. 1990). The evidence also proved that the

2

motor vehicles in question were stolen, that Evans possessed and received the vehicles, and that they crossed state lines after being stolen. 18 U.S.C. § 2313; see United States v. Mitchell, 876 F.2d 1178, 1180 (5th Cir. 1989). Therefore, the evidence was sufficient to support the convictions.

Counsel also challenges Evans's sentence. We conclude that Evans's 78 month sentence for conspiracy under 18 U.S.C. § 371 is in excess of the statutory maximum of five years, or sixty months. Evans did not object to this sentence below. Therefore, we review the sentence for plain error. United States v. Olano , 507 U.S. 725, 731-32 (1993). Imposing a sentence in excess of the statutory maximum is plain error. United States v. Johnson, 4 F.3d 904, 918 (10th Cir. 1993). Where the maximum statutory sentence is less than the minimum of the guideline range, the statutory maximum serves as the guideline sentence. U.S. Sentencing Guidelines Manual § 5G1.1(a) (1998). See also Edwards v. United States, 523 U.S. 511, 515 (1998). We therefore vacate the sentence imposed on that count. We find no error in the remaining sentences.

We affirm Evans's convictions, and his sentences for receipt of stolen motor vehicles. The sentence for the conspiracy count is vacated, and the case is remanded for resentencing on that count. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3

s