**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

TIMMY GADSON, a/k/a Batmike, a/k/a
Dwayne K. Stevenson,
            *Defendant-Appellant.*

No. 01-4172

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-98-1012)

Submitted: September 25, 2001

Decided: October 16, 2001

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

G. Wells Dickson, Jr., LAW OFFICES OF G. WELLS DICKSON,
JR., Charleston, South Carolina, for Appellant. Scott N. Schools,
United States Attorney, Robert H. Bickerton, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Timmy Gadson appeals from his convictions and sentence entered
after a jury found him guilty of conspiracy to possess with intent to
distribute and to distribute cocaine and crack cocaine, possession with
intent to distribute crack cocaine, and possession with intent to dis-
tribute cocaine. Gadson was sentenced to 235 months imprisonment.
Gadson's attorney has filed a brief in accordance with *Anders v. Cali-
fornia*, 386 U.S. 738 (1967). Counsel states that there are no meritori-
ous grounds for appeal but raises issues regarding the application of
*Apprendi v. New Jersey*, 530 U.S. 466 (2000). Gadson has filed a pro
se supplemental brief, rearguing the *Apprendi* issues and also chal-
lenging his sentence under *United States v. Rhynes*, 196 F.3d 207,
238-40 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d
310 (4th Cir. 2000).

Gadson argues that the district court improperly found the quantity
and type of drugs involved at sentencing, rather than submitting the
question to the jury, and that his indictment was defective for failure
to charge the amount of drugs, all in violation of *Apprendi*. Because
Gadson was sentenced to less than the 360-month maximum sentence
under 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001) for a defendant
with a prior drug felony and an unspecified drug amount, the fact that
the quantity or type of drugs involved was determined by the district
court based upon a preponderance of the evidence does not violate
*Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir.
2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. Mar. 19,
2001) (No. 00-8591). Likewise, where, as here, drug quantity was not
charged as an element of the offense, the indictment is not defective,
so long as the defendant is sentenced under the applicable maximum
statutory term of imprisonment for a conspiracy involving an unspeci-
fied drug amount. *United States v. White* , 238 F.3d 537, 542 (4th Cir.
2001), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3755 (U.S. June 4,

2001) (No. 00-9732). In his brief, counsel recognizes that circuit precedent forecloses his argument and argues for reexamining prior cases. Gadson provides no persuasive reasoning to overturn prior case law, and this panel could not do so at any rate. *See United States v. Torcasio*, 959 F.2d 503, 507 (4th Cir. 1992).

Gadson next argues that, because his indictment charged him with a cocaine and crack cocaine conspiracy and because the jury did not return a special verdict, he may only be sentenced for a powder cocaine conspiracy. He relies on *Rhynes*, which held that, where there is a general verdict on a count charging a conspiracy to distribute multiple controlled substances, the district court may not impose a sentence in excess of the statutory maximum for the least-punished drug on which the conspiracy could have been based. 196 F.3d at 238-40. However, because the maximum sentence for a powder cocaine conspiracy involving an unspecified drug amount and a defendant with a prior drug felony conviction is 360 months, *see* 21 U.S.C.A. § 841(b)(1)(C), Gadson's sentence does not run afoul of *Rhynes*. *See also Edwards v. United States*, 523 U.S. 511, 513-15 (1998) (holding that sentencing judge, not the jury, is authorized to determine the kinds and amounts of drugs for which the defendant is accountable when the jury has returned a general verdict of guilty in a drug conspiracy case involving cocaine and crack cocaine, so long as the sentence does not exceed the maximum that the statutes permit for a cocaine-only conspiracy).

In accordance with the requirements of *Anders*, we have examined the entire record in this case, and we find no meritorious issues for appeal. Accordingly, we affirm Gadson's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*