EDWARDS ET AL. *v.* UNITED STATES

No. 96–8732.   Argued February 23, 1998—Decided April 28, 1998

BREYER, J., delivered the opinion for a unanimous Court.

*Steven Shobat,* by appointment of the Court, 522 U. S. 993, argued the cause for petitioners. With him on the briefs were *Carleton K. Montgomery, David Zlotnick, Mark D. DeBofsky,* by appointment of the Court, 522 U. S. 1013, *Robert Handelsman,* by appointment of the Court, 522 U. S. 1013, *J. Michael McGuinness,* by appointment of the Court, 522 U. S. 965, and *Donald Sullivan,* by appointment of the Court, 522 U. S. 1043.

*Edward C. DuMont* argued the cause for the United States. With him on the brief were *Solicitor General Waxman, Acting Assistant Attorney General Keeney,* and *Deputy Solicitor General Dreeben.**

JUSTICE BREYER delivered the opinion of the Court.

The statutes at issue in this case make it a crime to "conspir[e]" to "possess with intent to . . . distribute . . . a controlled substance." 21 U. S. C. §§ 841 and 846. The Government charged petitioners with violating these statutes by conspiring "to possess with intent to distribute . . .

---

*Jeffrey J. Pokorak, David Porter,* and *Kyle O'Dowd* filed a brief for the National Association of Criminal Defense Lawyers et al. as *amici curiae.*

mixtures containing" two controlled substances, namely, "cocaine . . . and cocaine base" (*i. e.,* "crack"). App. 6. The District Judge instructed the jury that "the government must prove that the conspiracy . . . involved measurable amounts of cocaine *or* cocaine base." App. 16 (emphasis added). The jury returned a general verdict of guilty. And the judge imposed sentences based on his finding that each petitioner's illegal conduct had involved *both* cocaine *and* crack.

Petitioners argued (for the first time) in the Court of Appeals for the Seventh Circuit that the judge's sentences were unlawful insofar as they were based upon crack. They said that the word "or" in the judge's instruction (permitting a guilty verdict if the conspiracy involved either cocaine or crack) meant that the judge must assume that the conspiracy involved only cocaine, which drug, they added, the Sentencing Guidelines treat more leniently than crack. See United States Sentencing Commission, Guidelines Manual § 2D1.1(c) (Nov. 1994) (drug table) (USSG). The Court of Appeals, however, held that the judge need not assume that only cocaine was involved. 105 F. 3d 1179 (1997). It pointed out that the Sentencing Guidelines require the sentencing judge, not the jury, to determine both the kind and the amount of the drugs at issue in a drug conspiracy. *Id.,* at 1180. And it reasoned that the jury's belief about which drugs were involved—cocaine, crack, or both—was therefore beside the point. *Id.,* at 1181. In light of a potential conflict among the Circuits on this question, see, *e. g., United States* v. *Bounds,* 985 F. 2d 188, 194–195 (CA5 1993); *United States* v. *Pace,* 981 F. 2d 1123 (CA10 1992); *United States* v. *Owens,* 904 F. 2d 411 (CA8 1990), we granted certiorari.

We agree that in the circumstances of this case the judge was authorized to determine for sentencing purposes whether crack, as well as cocaine, was involved in the offense-related activities. The Sentencing Guidelines instruct *the judge* in a case like this one to determine both the

amount and the kind of "controlled substances" for which a defendant should be held accountable—and then to impose a sentence that varies depending upon amount and kind. See *United States* v. *Watts*, 519 U. S. 148 (1997) *(per curiam)* (judge may consider drug charge of which offender has been acquitted by jury in determining Guidelines sentence); *Witte* v. *United States*, 515 U. S. 389 (1995) (judge may impose higher Guidelines sentence on offender convicted of possessing marijuana based on judge's finding that offender also engaged in uncharged cocaine conspiracy). Consequently, regardless of the jury's actual, or assumed, beliefs about the conspiracy, the Guidelines nonetheless require the judge to determine whether the "controlled substances" at issue—and how much of those substances—consisted of cocaine, crack, or both. And that is what the judge did in this case.

Virtually conceding this Guidelines-related point, petitioners argue that the drug statutes, as well as the Constitution, required the judge to assume that *the jury* convicted them of a conspiracy involving *only* cocaine. Petitioners misapprehend the significance of this contention, however, for even if they are correct, it would make no difference to their case. That is because the Guidelines instruct a sentencing judge to base a drug-conspiracy offender's sentence on the offender's "relevant conduct." USSG § 1B1.3. And "relevant conduct," in a case like this, includes *both* conduct that constitutes the "offense of conviction," *id.*, § 1B1.3(a)(1), *and* conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction," *id.*, § 1B1.3(a)(2). Thus, the sentencing judge here would have had to determine the total amount of drugs, determine whether the drugs consisted of cocaine, crack, or both, and determine the total amount of each—regardless of whether the judge believed that petitioners' crack-related conduct was part of the "offense of conviction," or the judge believed that it was "part of the same course of conduct or common

scheme or plan." The Guidelines sentencing range—on either belief—is identical.

Of course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines. USSG §5G1.1. But, as the Government points out, the sentences imposed here were within the statutory limits applicable to a cocaine-only conspiracy, given the quantities of that drug attributed to each petitioner. Brief for United States 15–16, and nn. 6–7; see 21 U. S. C. §§841(b)(1)–(3); App. 42–47, 72–82, 107–112, 136–141, 163–169 (cocaine attributed to each petitioner). Cf. *United States* v. *Orozca-Prada,* 732 F. 2d 1076, 1083–1084 (CA2 1984) (court may not sentence defendant under statutory penalties for cocaine conspiracy when jury may have found only marijuana conspiracy). Petitioners' statutory and constitutional claims also could have made a difference had it been possible to argue that their crack-related activities did *not* constitute part of the "same course of conduct or common scheme or plan." Then, of course, the crack (had it not been part of the "offense of conviction") would not have been part of the sentence-related "relevant conduct" at all. But petitioners have not made this argument, and, after reviewing the record (which shows a series of interrelated drug transactions involving both cocaine and crack), we do not see how any such claim could succeed.

Instead, petitioners argue that the judge *might* have made different factual findings if only the judge had known that the law required him to assume the jury had found a cocaine-only, not a cocaine-and-crack, conspiracy. It is sufficient for present purposes, however, to point out that petitioners did not make this particular argument in the District Court. Indeed, they seem to have raised their entire argu-

ment for the first time in the Court of Appeals. Thus, petitioners did not explain to the sentencing judge how their "jury-found-only-cocaine" assumption could have made a difference to the judge's own findings, nor did they explain how this assumption (given the judge's findings) should lead to greater leniency. Moreover, our own review of the record indicates that the judge's Guidelines-based factfinding, while resting upon the *evidence* before the jury, did not depend on any particular assumption about the type of conspiracy the jury *found*. Nor is there any indication that the assumption petitioners urge (a cocaine-only conspiracy) would likely have made a difference in respect to discretionary leniency.

For these reasons, we need not, and we do not, consider the merits of petitioners' statutory and constitutional claims.

The judgment of the Court of Appeals is

*Affirmed.*