USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1804

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 AARON D. JAMISON,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Aldrich, Senior Circuit Judge,
and Shadur, Senior U.S. District Judge.

 Lisa S. Mouradian for appellant.
 Margaret D. McGaughey, Assistant United States Attorney, with
whom Jonathan R. Chapman, Assistant United States Attorney, and Jay
P. McCloskey, United States Attorney, were on brief for appellee.

 ____________________

 MARCH 26, 1999
 ____________________ Per Curiam. On May 19, 1994, Aaron Jamison was
 convicted in the U.S. District Court for the District of Maine
 of conspiring to distribute and to possess with intent to
 distribute cocaine base in violation of 21 U.S.C. 846 and
 possession with intent to distribute cocaine base in violation
 of 21 U.S.C. 841(a)(1). After significant post-trial
 activity, this case comes before us on appeal of the original
 conviction and sentence. We affirm.
 On the evening of January 25, 1994, Maine Drug
 Enforcement Agency (MDEA) narcotics agents arrested a Roxanne
 Sullivan in Berwick, Maine for selling 1.9 grams of crack
 cocaine to an undercover agent. She agreed to arrange a
 purchase from her source so that they might arrest him as
 well. Her source was to meet her at the same parking lot
 where she had been arrested, and later that evening a van
 driven by co-defendant Eugene Martin and carrying defendant
 Jamison entered the lot. Sullivan entered the van wearing a
 body wire, over which the agents listened in on the drug
 transaction. Upon a prearranged signal from Sullivan, the
 agents approached the van and arrested Martin and Jamison. 
 They found, among other things, a false-bottomed Pledge
 furniture polish can between the two front seats. Inside the
 can were ten grams of powder cocaine and several plastic bags
 containing a total of 17.4 grams of crack cocaine. Sullivan
 also turned over two aluminum foil packets, received during
 the transaction, that contained a total of two grams of crack
 cocaine.
 Martin and Jamison were tried jointly before a jury on
 May 18, 1994, and the jury found them guilty as charged on May
 19. Jamison was sentenced to 236 months in prison on each
 count, to be served concurrently, plus four years of
 supervised release and ordered to pay a $100 assessment.
 The post-conviction legal maneuvering began with a
 direct appeal by both defendants, but Jamison's appeal was
 dismissed for want of prosecution and an opinion issued with
 respect to Martin only. Later, Jamison filed a pro se Motion
 to Vacate, Set Aside, or Correct Sentence pursuant to 28
 U.S.C. 2255 based on ineffective assistance of counsel. He
 claimed, first, that his trial counsel was ineffective
 because, among other things, he had failed to cross-examine
 Sullivan adequately. Jamison also claimed that his appellate
 counsel was ineffective in allowing his appeal to be defaulted
 and asked that his appellate rights be restored.
 Jamison's form motion, which was signed under penalty
 of perjury, evinced only the allegations that his trial and
 appellate counsel had provided ineffective assistance. The
 memorandum to which it referred for supporting facts was not
 signed under penalty of perjury. Thus, aside from a precious
 few submitted in affidavits, the facts supporting Jamison's
 allegations of ineffective assistance were unsworn. It was
 for this reason that the magistrate judge, on August 20, 1997,
 recommended denying the motion as to both claims. He did
 address the merits of the claims, however, noting that if
 Jamison had sworn to the supporting facts, his claim as to
 trial counsel certainly would have failed but his claim as to
 appellate counsel would have succeeded. The district court
 affirmed the recommended decision on October 3, 1997, and
 judgment denying the motion was entered on October 6.
 Jamison filed a notice of appeal on October 23 and
 requested a certificate of appealability from the district
 court. Upon its denial, Jamison filed the same request in
 this court. In an order dated March 4, 1998, this court
 granted the request, but only as to his claim that his
 appellate counsel had caused the defaulted appeal. The case
 was remanded for expansion of the record and a determination
 of whether the failure to perfect the appeal was indeed
 attributable to Jamison's appellate counsel or, instead, to
 Jamison himself. The government ultimately assented to the
 reinstatement of Jamison's appellate rights before that
 determination was made, and the district court reinstated the
 appeal period by order dated June 23, 1998. Jamison filed a
 new notice of appeal on July 9, and that appeal is before us
 now.
 It is clear from the foregoing review of the
 procedural history that Jamison's second claim on appeal, that
 his 2255 motion was improperly denied, is not properly
 before this court. Before us is the direct appeal on which
 Jamison defaulted but was allowed to refile since his
 appellate counsel had caused the default. Jamison has already
 sought review of the denial of his 2255 motion. The
 district court declined to grant a certificate of
 appealability as to both grounds, and this court granted one
 only as to the second ground. Jamison's claim of ineffective
 trial counsel died when this court denied the requisite
 certificate of appealability, and Jamison cannot resurrect it
 on direct appeal of his conviction and sentence.
 We also reject Jamison's other two contentions on
 appeal. They are each based in some manner upon the trial
 judge's failure to require, in its jury instructions and a
 verdict form question, that the jury determine whether, as the
 indictment charged, the offenses involved more than five grams
 of cocaine base.
 First, Jamison challenges his conviction, arguing that
 the jury should have been instructed to find that each offense
 involved more than five grams of crack cocaine before
 convicting him. But this argument suffers from the
 fundamental misconception that drug amount is an element of
 the offense that the government must prove to the jury beyond
 a reasonable doubt. This is not so:
 Drug quantity, however, is not an element of
 the offense of conviction, 21 U.S.C. 846
 and 841(a)(1), but is typically relevant only
 for determining the penalty. As such, drug
 quantity for purposes of 841(b) is
 determined by the sentencing court under a
 preponderance-of-the-evidence standard.
 
 United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996)
 (citations omitted). The fact that the indictment charged
 possession in excess of five grams does not change matters. 
 The trial judge committed no error in reserving to himself the
 task of determining the quantity of crack cocaine involved,
 and the convictions for conspiracy and possession with intent
 to distribute were entirely proper.
 Second, Jamison challenges his sentence, arguing that,
 in the absence of a jury finding as to drug quantity, the
 trial judge committed plain error by determining for
 Guidelines sentencing purposes the amount of crack cocaine
 involved in his offenses. But, again, drug quantity is not an
 element of the offense and is to be determined by the judge at
 sentencing under a preponderance-of-the-evidence standard. 
 See id. The rule is the same whether the judge is determining
 the mandatory minimum sentence pursuant to statute or
 calculating a defendant's base offense level under the
 Sentencing Guidelines. See United States v. Edwards, 118 S.
 Ct. 1475, 1477 (1998) ("The Sentencing Guidelines instruct the
 judge in a case like this one to determine both the amount and
 the kind of 'controlled substances' for which a defendant
 should be held accountable--and then to impose a sentence that
 varies depending upon amount and kind.") (emphasis added). 
 Thus, just as Jamison's conviction was proper, so too was his
 sentence. 
 Affirmed.