UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4770

MARVIN WHITE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4771

DEBORAH L. WHITE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4784

FLOYD J. WHITE,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-97-194-5)

Submitted: August 31, 1999

Decided: September 20, 1999

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia; G. Ernest Skaggs, Fayetteville, West Virginia; Matthew A. Victor, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal their convictions for aiding and abetting the theft of government property, in violation of 18 U.S.C.A.§ 641 (West 1976 & Supp. 1999), aiding and abetting the possession with intent to distribute marijuana, in violation of 21 U.S.C.§ 841(a)(1) (1994), aiding and abetting the manufacture by growing and cultivating 100 or more marijuana plants, in violation of 21 U.S.C.§ 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Marvin White also challenges his sentence. Finding no error, we affirm the judgments.

Floyd and Deborah White allege that the search warrant for the search of their farm was not supported by substantial evidence for the search for burglary tools, tractor serial number plate, and National Park Service identification stickers. We find that probable cause existed to support the warrant. See Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993); United States v. Torch, 609 F.2d 1088, 1089 (4th Cir. 1979). Floyd and Deborah White assign error to the district court's order granting

2

the Government's motion in limine to prevent them from presenting evidence relevant to an entrapment by estoppel defense. Specifically, the Government sought to exclude any evidence that would support the Whites' claim that a federally-licensed firearms dealer told them that they could legally possess firearms despite their having a prior felony conviction. We find that the court did not err in granting the motion. See United States v. Etheridge, 932 F.2d 318, 320 (4th Cir. 1991); see also United States v. Howell, 37 F.3d 1197, 1205-06 (7th Cir. 1994); United States v. Billue, 994 F.2d 1562, 1568-69 (11th Cir. 1993); United States v. Austin, 915 F.2d 363, 366-67 (8th Cir. 1990) (all holding that federally licensed firearms dealers are not public officials for purposes of the entrapment by estoppel defense).

All three Appellants allege that sufficient evidence was not presented at trial to support their convictions on each count. Taking the view most favorable to the Government, we find that sufficient evidence existed to support each count of conviction for each Appellant. See Glasser v. United States, 315 U.S. 60, 80 (1942). All three Appellants also argue that the district court erroneously abdicated its role as an independent fact finder when it relied upon the testimony at trial and the jury's verdict in determining the amount of marijuana plants cultivated.

The court held an evidentiary hearing at sentencing and heard testimony from opposing witnesses on the issue of number of marijuana plants. The court found that competent evidence supported the jury's finding that over 100 plants were cultivated. The Appellants rely upon Edwards v. United States, 523 U.S. 511 (1998). We find that Edwards is not applicable to this case because there was no doubt as to the jury's finding regarding the type and amount of drugs involved in the offense. We find that the court did not clearly err and sufficiently found that a preponderance of the evidence supported the amount of cultivated marijuana plants attributed to the Appellants. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

Marvin White argues that the district court erred in denying his motion to sever the trial because there was no basis for a joint trial under Rule 8 of the Federal Rules of Criminal Procedure. We find that the court did not abuse its discretion in denying the motion. See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). See

3

also Zafiro v. United States, 506 U.S. 534, 537-40 (1993); United States v. Spitler, 800 F.2d 1267, 1271-72 (4th Cir. 1986). Finally, Marvin White argues that the court erred in increasing his offense level under U.S. Sentencing Guidelines Manual , § 3C1.1 (Nov. 1998), for obstruction of justice, based upon his perjury at trial. We find the court's finding on the enhancement for perjury to be sufficient. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (quoting United States v. Dunnigan, 507 U.S. 87, 94-95 (1993)).

We therefore affirm the judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4