**Sectric CURRY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–2220.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 13, 2001.

Decided Nov. 20, 2001.

Before FLAUM, BAUER, and EVANS, Circuit Judges.

### ORDER

The district court denied Sectric Curry's motion to vacate his sentence under 28 U.S.C. § 2255, but in January 2001 we granted a certificate of appealability on the following issue: "Whether trial counsel was ineffective, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nance*, 236 F.3d 820 (2000), for failing to object to the exclusion of drug quantities in the indictment." We now affirm the district court's denial of Curry's § 2255 motion.

In the late 1980s Curry was a member of Chicago's "Undertaker Vice Lords" gang and participated in its narcotics trafficking business by selling heroin and cocaine. *See United States v. Richardson*, 130 F.3d 765 (7th Cir.1997) (direct appeal). In 1995 Curry and several other gang members were convicted of conspiracy to distribute cocaine and other offenses for their involvement in the drug ring, and Curry received a sentence of life imprisonment. *Id.* at 771. After his unsuccessful direct appeal, Curry filed a pro se § 2255 motion, arguing that trial counsel was ineffective. As relevant here, Curry argued that counsel was ineffective for failing to object at sentencing that the indictment did not list Curry's previous convictions, which the district court used to enhance his sentence.

In December 1999 the district court denied Curry's § 2255 motion on the merits, relying on *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), for the proposition that the penalty provisions of 21 U.S.C. § 841(b) are sentencing factors, not elements of the offense, and thus were sufficiently established by a preponderance of the evidence. Curry subsequently moved for reconsideration, but the district court denied that motion as well as Curry's later request for a certificate of appealability.

Curry then filed a notice of appeal, which we construed as a request for a certificate of appealability. Upon reviewing the record and the final order of the district court, we granted a certificate of appealability on the issue of whether trial counsel was ineffective for failing to challenge the absence of drug quantity in the indictment.

To establish that trial counsel was ineffective, Curry was required to show that counsel's behavior was objectively unreasonable and that but for counsel's error the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Curry argues that trial counsel's failure to object to the absence of drug quantity allegations in the indictment was unreasonable because it was standard practice at the time of Curry's trial for defense attorneys to insist that the drug quantity be included. *See United States v. Nance*, 236 F.3d 820, 823–24 (7th Cir.2000). But even after *Apprendi*, an allegation of drug quantity is not essential to an indictment. *See United States v. Bjorkman*, 270 F.3d 482, —— —— ——, slip op. at 8–10 (7th Cir.2001) (per curiam). Thus, Curry's attorney was not per se unreasonable simply for failing to object to the absence of a drug quantity in the indictment as Curry contends. Because Curry did not satisfy the first prong of the *Strickland* test, we need not consider whether he suffered any prejudice.

■ Finally, Curry seeks to expand the certificate of appealability to include an argument that the government failed to prove the issue of drug quantity beyond a reasonable doubt in violation of *Apprendi.* But Curry failed to present this argument to the district court in his § 2255 motion, and it is therefore waived. *See Valenzuela v. United States,* 261 F.3d 694, 700 n. 2 (7th Cir.2001).

Accordingly, we AFFIRM the district court's denial of Curry's § 2255 motion and DENY Curry's request to expand the certificate of appealability.