# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ANDRE MANIGAULT,
        *Defendant-Appellant.*

No. 01-7695

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-488, CA-00-2335-3-19)

Submitted: February 5, 2002

Decided: April 18, 2002

Before WILKINS, LUTTIG, and KING, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

## COUNSEL

Andre Manigault, Appellant Pro Se. Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andre L. Manigault filed a motion for relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001), raising three allegations. Two are ineffective assistance of counsel claims and one is a claim of sentencing error under *Apprendi v. New Jersey*, 533 U.S. 466 (2000). Manigault's *Apprendi* claim is not cognizable because he did not raise it on direct appeal and impermissibly seeks retroactive application of that decision on collateral review. *See United States v. Sanders*, 247 F.3d 139, 144 (4th Cir.), *cert. denied*, 122 S. Ct. 573 (2001). We therefore deny a certificate of appealability and dismiss the appeal as to Manigault's *Apprendi* claim.

However, the district court erred by dismissing Manigault's ineffective assistance of counsel claims as procedurally barred. Ineffective assistance of counsel claims are properly presented in a habeas petition even if not raised on direct appeal. *See Smith v. Dixon*, 14 F.3d 956, 969 (4th Cir. 1994).

Manigault first claims his trial counsel was ineffective for failing to request a special verdict requiring the jury's findings as to the quantity of both powder and crack cocaine for which he was responsible. Manigault based this claim on our recent decision in *United States v. Rhynes*, 196 F.3d. 207 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), *cert. denied*, 530 U.S. 1222 (2000), and the Supreme Court's decision in *Edwards v. United States*, 523 U.S. 511, 513-15 (1998). Both of these decisions followed Manigault's 1996 conviction. We have held "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Therefore, Manigault's attorney was not deficient in her performance at trial or during sentencing for failing to argue the *Edwards* and *Rhynes* rule of law prior to their inception. Accordingly, we deny a certificate of appealability and dismiss the appeal as to this claim as well.

Manigault, however, further asserts, as he did below in his response to the Government's summary judgment motion, that appel-

late counsel was ineffective for failing to raise the *Rhynes*/*Edwards* argument. We decided Manigault's direct appeal on June 8, 1999. *See United States v. Johnson, et al.*, 182 F.3d 911, 1999 WL 371580 (4th Cir. 1999) (unpublished). Appellate counsel did not raise any argument pertaining to the special verdict form. The *Edwards* decision was issued over a year prior to disposition of Manigault's direct appeal, but *Rhynes* had not yet been decided at that time. Below, Manigault submitted letter exhibits written to his attorney while his appeal was pending, specifically requesting she raise a claim under *Edwards*. Because the district court has not yet addressed this claim, which has some support in the record, we grant a certificate of appealability as to this claim and remand for its consideration by the district court.

Manigault's second claim of ineffective assistance of counsel maintains his counsel was compromised by a serious conflict of interest. Manigault claims that prior to his indictment, his attorney was a lead prosecutor who initiated the investigation of the cocaine distributors with whom Manigault was associated. Manigault asserts his counsel's action prior to becoming his attorney constitutes a serious parting of their interests. Because this issue is inherently fact-intensive, and the district court never considered whether this claim warranted an evidentiary hearing or other type of fact development, we grant a certificate of appealability as to Manigault's conflict of interest claim as well and remand for consideration of the merits of this claim.

Accordingly, the district court's order is vacated in part and the case remanded for further consideration consistent with this opinion. To the extent we have not granted a certificate of appealability, the appeal is dismissed. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED IN PART, AND REMANDED*