**UNITED STATES of America Appellee,**

v.

**Maria ALVAREZ–RODRIGUEZ, a/k/a Nena, a/k/a Maria Esperanza, a/k/a Marian Alvarez–Rodriguez, Bienvenido Franco, a/k/a Moreno, Jose Santana–Cabrera, Defendant,**

Vermont, sitting by designation.

Caesar Sosa, a/k/a Fogata, a/k/a Felix, Rosario, a/k/a Felix Alamo, Defendant–Appellant,

Docket No. 01–1649.

United States Court of Appeals, Second Circuit.

May 14, 2003.

B. Alan Seidler, Nyack, N.Y., for Appellant Caesar Sosa.

Erika K. Thomas, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, James G. Cavoli, Assistant United States Attorney), Brooklyn, N.Y., for Appellee United States of America.

Present: WALKER, Jr., Chief Judge, WINTER, Circuit Judge, and CARMAN, Chief Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Caesar Sosa appeals from his sentence imposed following his guilty plea to a charge of conspiracy to distribute, and possess with the intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & 846. Judge McKenna sentenced Sosa to 108 months' imprisonment to be followed by a three-year term of supervised release. We affirm.

Sosa argues on appeal that the district court erred in sentencing him under the

* The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

Sentencing Guidelines that apply to crack cocaine, rather than some other form of cocaine, because there was an inadequate factual basis on which to conclude that crack cocaine was the controlled substance involved in his offense. Specifically, Sosa contends that, in order to sentence him for an offense involving crack cocaine, the district court was required to make a factual finding that (1) the substance involved was processed using "cocaine hydrochloride" and "sodium bicarbonate" or (2) that "the narcotics seized ... [were] in a lumpy, rock like form."

Section 2D1.1(c) of the Sentencing Guidelines governs the calculation of the base offense level for many controlled substances, including "cocaine" and "cocaine base." That section recognizes the distinction between offenses involving those two substances, and punishes offenses involving "cocaine base" more severely. *Compare* U.S.S.G. § 2D1.1(c)(1) (base offense level 38 for distribution of 1.5 kilograms of cocaine base) *with* U.S.S.G. § 2D1.1(c)(7) (base offense level 26 for distribution of 1.5 kilograms of cocaine). Note D to Section 2D1.1(c) states that " 'cocaine base' for the purposes of this guideline, means 'crack,' and that '[c]rack is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochoride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.' " U.S.S.G. § 2D1.1(c), Note D (2000).

Given the difference in treatment between crack cocaine and powder cocaine, a district court must first determine the type of substance involved before it can apply the appropriate Guideline. *See Edwards v. United States,* 523 U.S. 511, 513–14, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998). The government need only prove drug type by a preponderance of the evidence, and a district court may rely on a defendant's admissions during his plea proceeding, and any other relevant information that is available, including a presentence investigation report. *See United States v. Shepardson,* 196 F.3d 306, 309 (2d Cir.1999) ("Facts relevant to sentencing need only be established by a preponderance of the evidence, and a sentencing court may rely upon any information available to it.").

In the instant case, during the plea allocution, the district court advised Sosa that he was charged with a conspiring to distribute, and possession with intent to distribute, "cocaine base or what's called crack," and used the term "crack" at least four other times during its oral description of Sosa's charges. During his allocution, Sosa repeatedly admitted that he had conspired to distribute crack cocaine. Such admissions were more than adequate to establish that, in fact, Sosa's criminal conduct involved "crack cocaine" and, hence, that his base offense level should be calculated pursuant to the Guidelines applicable to "crack," rather than powder cocaine or some other form of cocaine base.

We have considered Sosa's other arguments, and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**