Lopez D. JONES, Petitioner,

v.

UNITED STATES of America, Respondent.

CIV. No. 3:00CV703(EBB).
CRIM. NO. 3:92CR39(EBB).

United States District Court, D. Connecticut.

Sept. 25, 2003.

Lopez D. Jones, Ray Brook, NY, pro se.

Anthony E. Kaplan, U.S. Attorney's Office, New Haven, CT, for Plaintiff.

### RULING ON PETITIONER'S MOTION UNDER 28 U.S.C. SECTION 2255

ELLEN B. BURNS, District Judge.

#### INTRODUCTION

Lopez D. Jones (hereinafter "Jones" or "Petitioner") has filed a Motion to Vacate and Set Aside or Correct His Conviction, pursuant to 28 U.S.C. § 2255, challenging his conviction of engaging in a continuing criminal enterprise (CCE) and his sentencing as pertaining to his conspiracy conviction. He also asserts an ineffective assistance of counsel claim. After a thorough review of the parties' moving papers and exhibits thereto, it was determined that a hearing was unnecessary in order to de-

cide the present motion. Said motion is now ready for decision.

### STATEMENT OF RELEVANT FACTS

The court sets forth only those facts deemed necessary to an understanding of the issues raised in, and the decision rendered on, this motion.

On or about July 23, 1992, Jones, along with fifteen other individuals, was indicted in a forty-five count Superseding Indictment. Jones was charged in Count One of the indictment with conspiring with his co-defendants, from in or about September 1991 to on or about June 22, 1992, to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. Section 846. Jones was also charged in Count Forty, pursuant to Title 21, U.S.C., § 848, with supervising a CCE known as The Jungle Boys, a drug trafficking gang operating in the Church Street housing complex in New Haven, Connecticut.

The indictment and evidence produced at trial resulted from a six-month investigation by a task force of federal, state and local agents that was charged with investigating gang-related narcotics activity in New Haven. The evidence was gathered through confidential informants, physical surveillance, video and photographic surveillance, wiretaps and undercover agents.

At the close of the evidence at trial, the court instructed the jury on the law for each count. With respect to Count Forty, the CCE charge, the court instructed the jury that in order to find Jones guilty of operating a CCE it must find unanimously: (1) that Jones committed one of the violations of narcotics laws alleged in the indictment; (2) that the offense was part of a series of three or more offenses committed by the defendant under consideration, in violation of narcotics laws; (3) that the violations were committed with five or more persons; (4) that Jones acted as an organizer, supervisor or manager of at least five persons; and (5) that Jones obtained substantial income or resources as a result of this continuing series of violations.

The court instructed the jury that it had to unanimously agree on the series of violations that constituted the CCE charge. In charging the jury, the court also stated that, in determining whether Jones was guilty of the CCE offense, the jury could look to violations charged in the indictment, as well as acts which were not charged in the indictment. On May 28, 1993, the jury convicted Jones on two counts: (1) conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. section 846; and (2) supervising a continuing criminal enterprise, in violation of 21 U.S.C. section 848.

At Jones' sentencing hearing on August 31, 1993, after reviewing the trial transcript and pre-sentence investigation report that was prepared by the United States Probation Court, this court determined that Jones' offense level was thirty-eight, based on his conviction for supervising a CCE (U.S.S.G. § 2D1.5), and the distribution of fifteen to fifty kilograms of cocaine U.S.S.G. § 2D1(c)(3). In addition, the court found that Jones qualified as a career offender pursuant to U.S.S.G. § 4B1.1 based on a prior conviction on April 22, 1983 for Robbery in the Second Degree, and on May 2, 1986 for possession of marijuana with intent to sell. However, while this court considered the robbery conviction in calculating Jones' criminal history category, the court found that, because the prior offenses had been committed ten years before, and Jones was young at that time, a departure to Criminal History Category III was warranted. This court's calculation yielded a guideline range of 292 to 365 months, and the court sentenced Jones to 328 months imprisonment, five years of supervised release, and

$100 in mandatory special assessments. The final judgment of conviction was entered on or about September 2, 1993.

The Second Circuit Court of Appeals denied Jones' appeal and thereby affirmed his conviction. *See United States v. Jackson*, 60 F.3d 128 (2d Cir.1995). Jones' petition for certiorari was denied by the United States Supreme Court on March 4, 1996. *See Jones v. United States*, 516 U.S. 1165, 116 S.Ct. 1057, 134 L.Ed.2d 201 (1996).

Pursuant to 28 U.S.C. section 2255, Jones now moves this court to correct or set aside his sentence. Jones claims that his CCE conviction under Count Forty should be vacated under *Richardson v. United States*, 526 U.S. 813, 824, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), because the jury did not specify which three violations in the jury charge they found to comprise the CCE and because of the court's instruction that the jury may look to evidence outside of the indictment in comprising the CCE charge. Further, Jones asserts that he has a right to be re-sentenced under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) since the court, rather than the jury, made a determination as to the quantity of drugs involved in the respective crimes. Jones also alleged various other sentencing violations and an ineffective assistance of counsel claim.

## LEGAL ANALYSIS

### I. Richardson Challenge to CCE Conviction

#### A. Standard

In *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), the Supreme Court announced a new rule of law in interpreting the meaning of the phrase "series of violations" in 21 U.S.C. § 848(c)(2), the CCE statute. The Court found that each violation that makes up the series in a CCE charge is a separate element of the crime. Therefore, in order to find a defendant guilty of engaging in a CCE, the jury must unanimously agree on which of the individual violations constituted the continuing series. *Id.* at 824, 119 S.Ct. 1707. *Accord United States v. Flaharty*, 295 F.3d 182, 197 (2d Cir.2002). Accordingly, *Richardson* requires jury instructions that contain a unanimity instruction for each violation.

In Jones' 2255 Petition, he claims that this court violated the principals set forth in *Richardson* in three ways. First, Jones contends that the court erroneously failed to conduct special interrogatories of the jury to ensure that they did unanimously agree on the three specific violations when concluding defendant committed a CCE violation. Second, Jones asserts that the court violated *Richardson* by improperly instructing the jury that it may consider acts not mentioned in the indictment when determining the CCE violation. Third, Petitioner also argues that aiding and abetting a crime cannot constitute a predicate offense to a CCE charge, and that there was insufficient evidence to find him guilty on the basis of aiding and abetting. Finally, Petitioner asserts an ineffective assistance of counsel claim for failing to object to the jury instruction in respect to the CCE charge.

#### B. Timeliness of the Habeas Petition

█ A motion for relief pursuant to section 2255 must generally be filed within one year of a defendant's conviction becoming final. 28 U.S.C. § 2255 Para. 6. Although Jones' 2255 motion was filed on March 20, 2000, approximately four years after his conviction became final, it is not time-barred because it was filed within one year of the Supreme Court decision in *Richardson*, which announced a new rule that has been held to apply retroactively to cases on their first habeas review. *Santa-*

*na–Madera v. United States,* 260 F.3d 133, 138–9 (2d Cir.2001). The Second Circuit declared in *Santana–Madera* that "[b]y deciding that a jury had to agree unanimously on each of the offenses comprising the 'continuing series' in a CCE Count, *Richardson* interpreted a federal criminal statute and, in doing so, changed the elements of the CCE offense." *Id.* at 139. Accordingly, the Court declared that "the *Richardson* rule is substantive, and therefore should be applied retroactively in a defendant's first federal habeas proceeding." *Id.* Since this is Jones' first section 2255 petition, the standards set forth in *Richardson* shall be retroactively applied to Jones' conviction and sentencing.

## B. *Merits of Petitioner's Richardson Claim*

Count Forty of the Superseding Indictment charged Petitioner as follows:

> From in or about May, 1990, and continuing thereafter through and until June 22, 1992, the exact dates being unknown to the Grand Jury, in the District of Connecticut, and elsewhere, the defendant LOPEZ D. JONES, a/k/a "Donald Lopez Jones", a/k/a "Rock", a/k/a "L", a/k/a "Lopez", a/k/a "Loggie", a/k/a "Lopes", did willfully, knowingly and intentionally engage in a Continuing Criminal Enterprise in that he did violate and cause others to violate Title 21, United States Code, Sections 846, 841(a)(1) and 860, and Title 18, United States Code, Section 2, as alleged in Counts One through Thirty–Nine of this Indictment, which counts are incorporated herein by reference, which violations and others were part of a continuing series of violations of said statutes undertaken by the defendant LOPEZ D. JONES, in concert with at least five other persons, with respect to whom the defendant occupied a position of organizer, supervisor, and manager, and from which continuing series of violations the

defendant obtained substantial income and resources.

In violation of Title 21, United States Code, Section 848.

At the Petitioner's trial, this court charged the jury on the second element of the CCE statute, the necessity to prove a series of violations, as follows:

> The second element the government must prove beyond a reasonable doubt is that this offense [one of the prior narcotics violations charged in the Indictment] was part of a continuing series of violations of the federal narcotics laws. A continuing series of violations is three or more violations of the federal narcotics laws committed over a definite period of time. These violations do not necessarily have to be convictions or separate counts in the Indictment. They may be overt acts charged in the conspiracy count of the Indictment, or even acts not mentioned in the Indictment at all, so long as the defendant under consideration had the intent to violate the narcotics laws when he committed these acts. You must, however, unanimously agree on which three or more acts constituted the continuing series of violations.

(Tr. May 14, 1993, 3589:4–19)

### 1) *Special Jury Interrogatories*

■ At trial, the court properly instructed the jury, in accordance with *Richardson,* that it must unanimously find the defendant guilty of each predicate offense to find the defendant guilty of a CCE. The Petitioner argues, however, that *Richardson* requires the court to require special interrogatories of the jury to ensure that they did, in fact, unanimously agree on the three specific violations when concluding defendant committed a CCE violation. This claim must fail.

The Second Circuit has specifically instructed that special jury interrogatories are not required by *Richardson*. In *United States v. Ogando*, 968 F.2d 146, 148–49 (2d Cir.1992), in affirming a district court's refusal to submit special interrogatories to the jury, the Court of Appeals reasoned that "we commit the decision of whether and how to utilize special interrogatories in such [complex criminal] cases to the broad discretion of the district court." *Id.* More recently, in *United States v. Raysor*, 2002 U.S.App. LEXIS 9231, *17 (2d Cir.N.Y. Apr. 29, 2002), *cert. denied*, 537 U.S. 1012, 123 S.Ct. 482, 154 L.Ed.2d 416 (2002), the Court of Appeals applied the principle it set out in *Ogando* to *Richardson* claims. The Court found that "there is no basis for the conclusion that *Richardson* requires that a jury be supplied with a special verdict form in order for it to arrive at a unanimous verdict regarding the individual violations." Further, this court has long held confidence in jury's capability to follow the court's instructions, as has the Court above us. *See United States v. Salameh*, 152 F.3d 88, 116 (2d Cir.1998)(asserting "juries are presumed to follow their instructions."). *Id.* at 116. In the present case, the court instructed the jury that it must unanimously agree on the three predicate acts in order to convict on the CCE charge, and also read to the jury the exact language of the CCE statute. This court concludes accordingly that the jury was given sufficient instructions to ensure that it understood the unanimity requirement, thereby finding no potential for prejudice in the decision not to issue special jury interrogatories.

### 2) *Jury Instructions and Harmless Error Analysis*

■ The Petitioner's second *Richardson* claim is based on the fact that this court instructed the jury that it could consider acts not mentioned in the indictment in finding the three violations of the CCE offense. This court's instruction that the jury may consider violations not alleged in the indictment was made in accordance with Second Circuit precedent at the time. *United States v. Simmons*, 923 F.2d 934, 952 (2d Cir.1991). However, in light of the Supreme Court's holding in *Richardson*, this court has now concluded that the jury instruction which allowed the jury to consider any three narcotics violations, regardless of whether these offenses were charged in the indictment, was error. *Accord Rivera v. United States*, No.98 Civ. 7332, 2001 U.S. Dist. LEXIS 15469, *20 (S.D.N.Y. Oct. 1, 2001). *See also Monsanto v. United States*, 143 F.Supp.2d 273, 286 n. 10 (S.D.N.Y.2001)(finding "[i]n light of *Richardson's* holding that the narcotics violations making up the 'continuing series of violations' are elements of the CCE crime, it is axiomatic that such predicates must be charged in the indictment.").

The Second Circuit instructs us in *Santana–Madera* that a harmless error review applies when evaluating *Richardson* errors. 260 F.3d at 139. However, neither the Second Circuit nor the Supreme Court has instructed us which of the two harmless error analyses should be applied to *Richardson* claims: the standard set out in *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), whether the error "had substantial and injurious effect or influence in determining the jury's verdict", or the harmless error analysis used in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which requires that a court be able to declare that the error was "harmless beyond a reasonable doubt." *See Cotto v. Herbert*, 331 F.3d 217, 254 (2d Cir. 2003). (declining to decide the issue of which harmless error standard should be applied to *Richardson* challenges because the claim before the Court could be resolved under either standard). Because Petitioner's claims in the case at bar fail

under both harmless error standards, this court need not decide which standard is appropriate.

Without declaring that the *Chapman* analysis is the correct standard to apply to *Richardson* errors, by demonstrating that Petitioner's claims fail under this more stringent standard, it becomes clear that Petitioner's claims would fail under the more permissive *Brecht* standard as well. In *Neder v. U.S.*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the Supreme Court instructed that in order to find a jury instruction error harmless, the court must be able to conclude "beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* at 18, 119 S.Ct. 1827. Applied to this case, the appropriate question is whether the jury's verdict would have been the same, had the jury been instructed to limit its review of the evidence to narcotics violations which were charged in the Petitioner's indictment. *Cf. Romero v. U.S.*, No. 00 Civ. 3513, 2001 WL 921167, *7, 2001 U.S. Dist. LEXIS 11747, *28 (S.D.N.Y. August 15, 2001)(finding in a case where the trial court failed to give the unanimity instruction, that the appropriate analysis is whether the jury would have unanimously agreed to the identity of the violations, absent the erroneous instruction)(citing *United States v. Jesus*, 187 F.3d 148 (1st Cir.1999), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000)).

After a thorough examination of the record, this court can conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error, and, therefore, the flaw in the jury instruction on the CCE charge in the indictment was harmless. First, in petitioner's case, unlike that in *Richardson*, the indictment sufficiently alleged a CCE crime. The Second Circuit explicitly stated in *United States v. Flaharty*, 295 F.3d 182, 197 (2d Cir.2002), that "[a]lthough *Richardson* re-

quires that the jury be unanimous on each of the constituent felonies, we have held that an indictment that does not identify which of many alleged felonies constituted the series is not thereby defective." According to the *Flaharty* Court, "[i]n order to state an offense, an indictment need only track the language of the statute and, if necessary to apprise the defendant 'of the nature of the accusation against him,' ... state time and place in approximate terms." 295 F.3d at 198, *citing to United States v. Bagaric*, 706 F.2d 42, 61 (2d Cir.1983) (quoting *Russell v. United States*, 369 U.S. 749, 766, 82 S.Ct. 1038, 8 L.Ed.2d 240, (1962)), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 134, 78 L.Ed.2d 128 (1983), *abrogated on other grounds by National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

In Jones' indictment, Count Forty, the CCE count, explicitly charged that Petitioner:

> did willfully, knowingly and intentionally engage in a CCE in that he did violate and cause others to violate Title 21, United States Code, Sections 846, 841(a)(1) and 860, and Title 18, United States Code, Section 2, as alleged in Counts One through Thirty–Nine of this Indictment, which counts are incorporated herein by reference.

Tr. May 14, 1993, 3589: 10–16

The indictment thereby gave notice to Petitioner as to the charges against him by identifying alleged felonies which could constitute the series, both within the count and by incorporating other counts into the CCE charge, and by tracking the language of the statute. Thus, the indictment exceeds its requirements to sufficiently charge the CCE offense.

█ Secondly, because the indictment contained numerous violations both expressed within the CCE charge and those

incorporated therein, it is beyond cavil that the jury would have unanimously agreed on the identity of the three or more violations within the four corners of the indictment, to consist of the series. Petitioner does not challenge the unanimity of his conspiracy conviction. It is well established that a narcotics conspiracy violation may be counted as a predicate offense to constitute a series of violations for a CCE conviction. *Romero*, 2001 WL 921167, at *7, 2001 LEXIS 11747, at *28. *See also, United States v. Young*, 745 F.2d 733, 748–51 (2d Cir.1984) (holding that a lesser included § 846 conspiracy offense may serve as a predicate offense for a § 848 continuing criminal enterprise); *Santana–Madera*, 260 F.3d 133, 140–41 (counting conspiracy count among the violations agreed to by the jury); *Escobar–de Jesus*, 187 F.3d at 174 n. 24 ("[c]onspiracy count may serve as a predicate offense under CCE statute."). Therefore, there can be no reasonable doubt that the jury unanimously agreed that Jones committed at least one predicate offense by convicting him of conspiracy.

In addition, the overt acts alleged in the conspiracy Count are also eligible to be predicate offenses for the violations of the CCE charge. *Romero*, 2001 WL 921167, at *7, 2001 LEXIS 11747, at *28–9 (citing *United States v. Tipton*, 90 F.3d 861, 884 (4th Cir.1996)). *See Also, United States v. Singleton*, 177 F.Supp.2d 12, 15 (D.D.C. 2001) (noting the predicate violations for the CCE offense in the indictment included many of the overt acts listed in Count One, the conspiracy charge). In Jones' case, Count One of the indictment alleged twenty-one overt acts that are also felony narcotics offenses and, therefore, may count as a violation for purposes of the CCE offense, as specified in Sub-chapters I and II of Title 21. (Tr. May 14, 1993, 3554–3557; 3558:1–11). For example, Overt Act One charged that Michael Elliot, one of Jones' co-conspirators, possessed approximately nine ounces of cocaine which he intended for distribution in New Haven, Connecticut. (Tr. May 14, 1993 3554:7–13). Evidence at trial demonstrated that on that day, Jones was involved in providing a rental car to his co-conspirators and he gave bond when they were arrested in possession of the cocaine. (Tr. April 26, 1993, 1270:5–25; 1271: 1–25; 1273:11–15; 1275:6–7). Similarly, overt act two showed that Jones and his co-conspirators regularly drove from New York to Connecticut to purchase cocaine for distribution by the Jungle Boys, and evidence at trial demonstrated that Jones also provided his co-conspirators with money and a car in order to carry out many of these purchases. (Tr. April 29, 1993, 2135:12–25; 2136: 1–25; 2138:1–25; April 21, 1993, 564:1–25; 565 1–24). Other overt acts under the conspiracy charge referenced telephone calls between Jones and his co-conspirators regarding drug purchases and sales. (Tr. April 27, 1993, 1645:21–25; 1646:1–19). Accordingly, in finding petitioner guilty on Count One, the jury unanimously found that the defendant committed numerous narcotics offenses that could constitute predicate acts for a CCE violation.

Further, by incorporating into Count Forty violations of 18 U.S.C. § 2 as pertaining to Counts One through Thirty-nine of the indictment, the court also provided the jury with thirty-eight additional indicted offenses that the jury could have used to find Jones was engaged in a CCE. Counts Two through Nineteen and Twenty-four through Thirty-nine charged seventeen separate undercover sales of cocaine by members of Jones' drug gang. The jury also found Jones' co-conspirators, Mark Jones, Frederic Mitchell, and Che Collins, to be guilty beyond a reasonable doubt of intent to distribute and distribution of cocaine charges. Count Forty sufficiently incorporated these charges into

the CCE offense by stating that petitioner violated and caused to violate Section 841(a)(1). There was also an extra-ordinary amount of evidence at trial that Jones was a leader of the Jungle Boys, and thereby directly involved in the nineteen undercover purchases of cocaine charged in Counts Two through Thirty-nine. The evidence was corroborated by witness testimony and extensive physical evidence. All of these violations of numerous drug laws were therefore completed at petitioner's behest and were violations from which he obtained benefit.

In sum, the CCE count sufficiently alleged numerous violations which could constitute predicate offenses, both stated explicitly within the CCE Count and incorporated therein from other charges. The Government presented overwhelming evidence that the Petitioner committed a multitude of violations of the federal narcotics laws. Finally, this court instructed the jury that it must conclude unanimously which violations constituted the CCE violation. Taking all this evidence together, this court concludes beyond a reasonable doubt, that this rational jury found Jones guilty of the three predicate offenses required to constitute a CCE, regardless of the erroneous instruction. *See Neder,* 527 U.S. at 18, 119 S.Ct. 1827. Accordingly, both the *Brecht* and the *Chapman* harmless error standards are satisfied. *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710; *Chapman,* 386 U.S. at 24, 87 S.Ct. 824.

### C. Aiding and Abetting

■ Jones' petition also challenges his CCE conviction by alleging that the aiding and abetting of drug crimes do not suffice as predicate offenses to make up the continuing series of violations in a CCE conviction. This challenge has no legal merit. The Second Circuit has specifically held that "a drug felony violation based upon aiding and abetting may qualify as a 'series' predicate where, as here, the aider and abettor is a kingpin." *United States v. Aiello,* 864 F.2d 257, 264 (2d Cir.1988), *accord United States v. Riddick,* 156 F.3d 505, 512 (3d Cir.1998); *United States v. Jelinek,* 57 F.3d 655, 659 (8th Cir.1995). Because Jones was found to be a leader of the Jungle Boys, any charge that he aided and abetted his co-conspirators in violating narcotics laws, as incorporated into Count 40 of the indictment, can be used as violations to support his indictment for the CCE. Based on the entire record of this case, it is clear that the evidence was ample to permit a jury to find that Jones aided and abetted others in assisting with his very own narcotics trafficking operation. Accordingly, a reasonable jury could have agreed unanimously that any of these violations should constitute predicate acts to the continuing series of violations element of the CCE charge.

### II. Resentencing Claims

·Petitioner's 2255 Petition included an assertion that he is entitled to a new sentencing hearing. Under Section 2255, a challenge to a sentence may only be made based on a claim that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."28 U.S.C. § 2255. Petitioner makes a variety of arguments related to his sentence, which we will address in order.

### A. Apprendi Claims

■ The Petitioner first argues that his sentence should be vacated based on the new rule of law set out in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Supreme Court held that any factor that increases the penalty for a crime beyond the statutory maximum prescribed should

be considered an element of the offense, rather than a mere sentencing factor, and accordingly, must be submitted to the jury and proven beyond a reasonable doubt. 530 U.S. at 489–490, 120 S.Ct. 2348. Accordingly, *Apprendi* applies when a drug quantity determination imposes a sentence beyond the maximum penalty. Petitioner claims that this court violated *Apprendi* with respect to Count One of Jones' Petition because, in calculating the Petitioner's sentence, the court made a drug quantity determination rather than the jury. As a result, Petitioner seeks a re-sentencing hearing.

The Second Circuit recently asserted that *Apprendi* "does not apply retroactively to initial section 2255 motions for habeas relief." *Coleman v. U.S.*, 329 F.3d 77, 79 (2d Cir.2003). Because Jones' Petition is an initial section 2255 motion, *Apprendi* will not be applied retroactively to his conviction or sentence. However, even assuming *Apprendi* was applied retroactively to Jones' case, Petitioner's *Apprendi* challenge lacks merit. Jones' was sentenced to 27–years, which is within the statutory prescribed maxima for the crimes of which he was convicted. Accordingly, as this court did not increase the penalty beyond the statutory maximum, and *Apprendi* only applies to sentences beyond the prescribed statutory maximum, this court's sentence did not violate *Apprendi*. *U.S. v. Garcia*, 240 F.3d 180, 183 (2d Cir.2001) (asserting *Apprendi* does not take away "a sentencing judge's traditional authority to determine those facts relevant to the selection of an appropriate sentence within the statutory maximum.").

## B. *New Sentence Based on setting aside Section 848 Conviction*

Petitioner also asserts that he is entitled to a new sentencing based on his *Richardson* challenge to his CCE conviction. Since this court has rejected Jones' chal-lenges to his CCE conviction, the court finds that there is no reason to consider upsetting the sentence that was previously imposed upon Jones based on that conviction.

## C. *Dual Conspiracy Claim*

Jones next argues that because he was charged in Count One with a dual object conspiracy, conspiring to possess and distribute both cocaine and marijuana, he was entitled to be sentenced under the less harsher penalty of the two objects of his conspiracy. Jones cites to *U.S. v. Rhynes*, 196 F.3d 207, 237–8 (4th Cir. 1999), in which the Fourth Circuit found that, where a jury's verdict did not indicate the statutory object on which a conspiracy conviction was based, an imposition of a sentence that exceeds the statutory maximum for the drug carrying the lower penalty is improper. *See also U.S. v. Orozco–Prada*, 732 F.2d 1076, 1083–84. (2d Cir.1984) (finding that a defendant convicted under a general verdict of conspiracy to violate § 841 may be sentenced only up to the statutory maximum for the least-punished drug offense on which the conspiracy verdict might have been based). The Supreme Court addressed a similar sentencing issue in *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) where the defendants in the case were charged with conspiracy to distribute both cocaine and cocaine base, and the jury returned a general verdict of guilty, without indicating whether it found the conspiracy to be directed toward cocaine, cocaine base, or both. The district court sentenced the defendants based on its own finding that the defendant's conspiracy involved both cocaine and cocaine base. While finding no error in the case before it, the Supreme Court nonetheless made clear in *Edwards* that when a jury does not find specifically which object offense the defendant is guilty of on a conspiracy

conviction, a district court is prohibited from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conviction could have been based.

While Jones has stated the law accurately, these holdings have no effect on the sentence imposed on Petitioner. Unlike in *Rhynes* or *Edwards,* the jury in Jones' trial returned a verdict specifying that they found Jones guilty of conspiracy involving both marijuana and cocaine. The verdict was submitted as follows:

Count one. Conspiracy.

Q. How do you find the defendant, Lopez D. Jones, as to Count One of the Indictment.

A. Guilty.

Q. Did his participation in the conspiracy involve cocaine?

A. Yes.

Q. Did his participation in the conspiracy involve marijuana?

A. Yes.

Tr. May 18, 1993 3681:20–25; 3682:1–3. Because the jury returned a verdict specifically finding the object of Jones' conspiracy was both marijuana and cocaine, the court was entitled to sentence Jones based on the higher punished drug offense. Therefore, neither *Orozco–Prada* nor *Edwards* precludes this court from sentencing Jones based on his distribution of cocaine, rather than marijuana.

### D. *Evidentiary Claims*

Jones also asserts that his sentence should be overturned because it was based in part on the finding that he distributed fifteen to fifty kilograms of cocaine. Jones argues that it is improper for the court to join all the narcotics sold under the conspiracy together and conclude that Jones is responsible for the entire amount. Rather, he argues, the court is obligated to make "individual findings" for each defendant, and Jones should only be held accountable for the relevant conduct sales he was found to be involved in.

Jones was convicted of a single count of conspiracy of trafficking cocaine and marijuana. Where there exists "jointly undertaken criminal activity," the base offense level is determined not only by acts committed by the defendant but also "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Chalarca,* 95 F.3d 239, 242 (2d Cir.1996). Further, the Second Circuit has held that the district court is "entitled to consider all transactions engaged in by [the defendant] or by his coconspirators . . . if the transactions were either known to [the defendant] or reasonably foreseeable to him." *United States v. Podlog,* 35 F.3d 699, 706 (2d Cir.1994) (internal quotation marks omitted), *cert. denied,* 513 U.S. 1135, 115 S.Ct. 954, 130 L.Ed.2d 897 (1995). Finally, in sentencing a defendant, a district court has "broad discretion to consider all relevant information." *United States v. Pico,* 2 F.3d 472, 475 (2d Cir.1993).

■ The evidence produced at Jones' trial undisputably demonstrates that Jones was responsible for amounts that most likely far exceeded fifteen to fifty kilograms of cocaine. The Jungle Boys, as alleged in the indictment, operated a drug ring from about September, 1991, to on or about June 22, 1992. The evidence produced at trial, including quantifiable cocaine purchases from undercover officers, demonstrated that Jones was directly involved in many of these drug transactions. Further, even if Jones did not himself make the actual drug sales, his direct involvement with, and leadership, of the entire drug gang, makes the trafficking of fifteen to fifty kilograms of drugs by the Jungle Boys foreseeable to Jones. Indeed, without his supervision and direction, it is

unlikely that many of these drug transactions would have been completed. Without repeating the record in detail, this court is confident that the evidence in the record sufficiently established Jones' responsibility for at least fifteen to fifty kilograms of cocaine, and rejects Petitioners claim otherwise.

### III. *Ineffective Assistance of Counsel Claim*

Petitioner makes a barely cognizable claim that his trial counsel and appellate counsel were both ineffective for failing to object to the jury instruction that allowed the jury to look outside the indictment in finding the predicate offenses to constitute the CCE charge. To bring a successful claim for ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient, and that his counsel's deficient performance prejudiced the petitioner's trial. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Jones cannot meet this standard.

This court has recognized a flaw in the jury instructions on the CCE Count, but determined that the error was harmless, and therefore Petitioner's conviction on the CCE Count remains valid despite *Richardson.* Therefore, Jones cannot show the result of his trial would have been different had his trial counsel raised an objection at the time the instruction was given, or, his appellate counsel had raised the issue on direct appeal.

Further, even if the instruction had affected the outcome of his trial, a counsel's failure to raise or appeal an instruction that was in accordance with circuit court law at the time cannot be found to be ineffective. *See Garcia v. United States,* 15 F.Supp.2d 367, 379 (S.D.N.Y. 1998) ("An attorney's assistance does not fall below an objective standard of reasonableness when he fails to make an argu-

ment that conflicts with existing law"). Because at the time of Petitioner's trial, the Second Circuit had not issued a ruling requiring a specific unanimity instruction for CCE charges that required the predicate acts to be alleged in the indictment, neither Jones' trial or appellate counsel has acted or failed to act in any way that would constitute ineffective assistance of counsel.

### Conclusion

This court has considered all of the Petitioner's claims in his 2255 Petition and has found that Jones has failed to meet his burden of establishing that he is entitled to relief. A certificate of appealability shall not issue, the Petitioner having failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.