**UNITED STATES of America, Plaintiff,**

v.

**Transito Jacinto OLIVERA–HERNANDEZ, Defendant.**

**No. 2:04CR 0013.**

United States District Court, D. Utah, Central Division.

July 12, 2004.

Viviana Ramirez, Utah Federal Defender Office, Salt Lake City, UT, for defendant.

**ORDER**

BENSON, District Judge.

The United States Supreme Court's recent decision in *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (U.S.Wash.), has sparked widespread discussion, debate, and controversy. Although the case only dealt with the sentencing laws of the state of Washington, the possibility that the Court's reasoning could be applied to other sentencing regimes, including the United States Sentencing Guidelines, was quickly recognized. The dissenting justices sounded the alarm, predicting consequences far-reaching, dire, and certain to emerge from the five-justice majority opinion that struck down Washington's determinate sentencing system as unconstitutional in violation of the Sixth Amendment right to trial by jury.

Demonstrating an impressive turn of speed, my colleague in this district, Judge

Paul Cassell, quickly entered the discussion, issuing, within five days of the Supreme Court's opinion in *Blakely*, a thirty-nine (39) page order in which he declared unconstitutional the Federal Sentencing Guidelines for the reasons articulated by the majority. At least one other district judge has reached the same result. *See United States v. Shamblin*, 323 F.Supp.2d 757, 766–67 (S.D.W.Va.2004).

 In the above-captioned case, and presumably in all future cases where *Blakely* may be applicable, the United States Attorney and the Federal Public Defender have taken opposite positions, the former seeking no change in this Court's use of the Sentencing Guidelines and the latter seeking a declaration that per *Blakely* the Guidelines are unconstitutional whenever a sentence is increased pursuant to a finding of fact made by a judge by a preponderance of the evidence and not by a jury beyond a reasonable doubt. In its brief, the United States initially points out footnote nine in the *Blakely* majority opinion:

> The United States, as *amicus curiae*, urges us to affirm [the Washington Court of Appeals' holding that the Washington state sentencing scheme is constitutionally sound]. It notes differences between Washington's sentencing regime and the Federal Sentencing Guidelines but questions whether those differences are constitutionally significant … *The Federal Guidelines are not before us, and we express no opinion on them.*

*Blakely* at 2538 (emphasis added). The position of the United States Attorney is supported, not only by the *Blakely* majority's explicit exclusion of the Federal Sentencing Guidelines from the current reach of its reasoning in *Blakely*, but by the numerous Supreme Court cases which have upheld the Guidelines as legal, constitutional, valid, and which must be assumed to remain good law and binding on this Court unless and until the Supreme Court chooses to overrule them.[1] The United States Supreme Court has offered guidance as to the proper role of the United States District Courts when the reasoning of a recent United States Supreme Court decision appears to implicitly overrule otherwise binding precedent: it is not the province of the district courts to anticipate the direction, or holding, of future Supreme Court cases. In *State Oil Co. v. Khan*, 522 U.S. 3, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997), the Supreme Court states that "it is [the Supreme Court's] prerogative alone to overrule one of its precedents." *State Oil* at 20, 118 S.Ct. 275; *see also Agostini v. Felton*, 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (Courts of Appeal must leave to "this Court the prerogative of overruling our decisions.").

An examination of precedent binding on this Court reveals at least two prior Supreme Court opinions which appear to be inconsistent with an application of *Blakely* requiring the holding that the Federal Sentencing Guidelines are constitutionally infirm. The first is *Edwards v. United States*, 523 U.S. 511, 513–514, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), which held that a judge alone may find the type and amount of drugs involved in order to

---

1. *See Edwards v. United States*, 523 U.S. 511, 514–15, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (Guidelines sentence validly based on conduct found by judge rather than jury); *Witte v. United States*, 515 U.S. 389, 399–401, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (Guidelines sentence validly based on conduct not charged in the indictment); *United States v. Watts*, 519 U.S. 148, 156–7, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (*per curiam*) (Guidelines sentence validly based on conduct of which Defendant acquitted but established to the sentencing judge's satisfaction on preponderance of evidence standard).

increase the guideline range using a pre-ponderance of the evidence standard. Although the Sixth Amendment is not directly addressed in the Court's opinion, a Sixth Amendment argument that appears to be similar to that in *Blakely* was advanced in *Edwards*. If this Court were to apply *Blakely* in the instant case, it could very plausibly be argued that this district court has overruled *Edwards*, or at least refused to follow *Edwards* as binding precedent. A *Blakely*-type holding striking down the Sentencing Guidelines would arguably require the Supreme Court to strike down not only *Edwards*, but *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (*per curiam*), as well. Such overruling of binding United States Supreme Court precedent should come from the pen of the author of a majority opinion for the Supreme Court, not from a district court judge.[2]

The Court is persuaded by the position of the United States. The Federal Sentencing Guidelines have not been declared unconstitutional. Regardless of the "sky-is-falling" warnings (or dire prognostications) of the dissenting justices in *Blakely*, it is undisputedly true that *Blakely* and its reasoning do not (yet) apply to the federal sentencing statutes. However unclear the majority opinion may be in other regards, it is clear in that respect. The Federal Sentencing Guidelines still constitute valid, and therefore binding, law.

The predictions of the Guideline's demise are many and they may well be true. It is difficult to read *Blakely* and not see the same wrecking ball heading directly for the sentencing features of the Comprehensive Crime Control Act of 1984. But predictions don't always hold; even sure things sometimes surprise us. Just last October, thousands of Chicago Cubs fans were certain of their team's first World Series appearance in ninety-five years, with a mere five outs to make against the Florida Marlins. Then one of the Cubs' own fans interfered with the catch of a foul ball, and the unraveling began. As Mark Twain observed in 1897 that "the reports of my death are greatly exaggerated," the Sentencing Guidelines may similarly defy present expectations of their impending demise. A distinction, however fine, may be drawn between the Federal Guidelines and the State of Washington's Guidelines. Other issues could become involved. A vote could switch. And so on.

This Court, then, will continue to recognize the Federal Sentencing Guidelines as valid law, and will apply them at all future sentencings unless and until the precedents binding on the Court require otherwise. As a precaution in light of *Blakely*, however, the Court plans to announce an alternative sentence at all future sentencing hearings. In determining the alternative sentence, the Court will not be bound by the Sentencing Guidelines, and will impose a sentence within the statutory maximum at the Court's discretion.

**IT IS SO ORDERED**

---

**2.** That the rule articulated by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not require, or even permit, this Court to conclude that the Federal Sentencing Guidelines violate the Sixth Amendment, is evident from *United States v. Mendez–Zamora*, 296 F.3d 1013, 1020 (10th Cir.2002), in which the Tenth Circuit Court of Appeals concluded that the Federal Sentencing Guidelines do not violate the rule in *Apprendi*.