**UNITED STATES of America**

v.

**Deborah Katelyn AGETT**

No. 2:04–CR–10.

United States District Court,
E.D. Tennessee,
Northeastern Division.

July 23, 2004.

M. Neil Smith, U.S. Department of Justice, Office of U.S. Attorney, Greeneville, TN, for Plaintiff.

Nikki C. Pierce, Federal Defender Services of Eastern Tennessee, Inc., Greeneville, TN, for Defendant.

## MEMORANDUM OPINION

GREER, District Judge.

This criminal matter is before the Court for this defendant's sentencing scheduled for July 26, 2004. A Presentence Investigation Report ("PSR") was prepared by the Probation Office and disclosed to each of the parties on April 30, 2004. The PSR calculated the defendant's offense level to be 10, with a criminal history category of I, resulting in a guideline range of 6—12 months. The guideline calculation included a two-level enhancement pursuant to *U.S.S.G.* § 3C1.1 for obstruction of justice. The government filed a response of no objection to the PSR on May 3, 2004 [Doc. 11] and the defendant did likewise on May 17, 2004. [Doc. 14].

On June 24, 2004, the United States Supreme Court decided the case of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), invalidating a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury

trial. By order entered July 1, 2004, this Court directed the parties in this case to be prepared to address the impact of *Blakely* on the defendant's sentencing. Both parties have responded to the Court's Order. [Docs. 19 & 21]. Not surprisingly, the defendant now challenges the application of the obstruction enhancement to her case and otherwise requests the Court to apply the United States Sentencing Guidelines without the enhancement, while the government argues that *Blakely* does not invalidate the Guidelines and the Guidelines should be applied as before. Thus, the Court must consider the impact, if any, of *Blakely* upon the application of the federal Sentencing Guidelines in this case.

Because of the "pall of uncertainty" cast upon the sentencing process by the Supreme Court's *Blakely* decision, resulting in confusion to defendants, prosecutors, victims, probation officers, and the public, the Court is issuing this decision, in written form, outlining the means by which it has determined to sentence this defendant, to provide guidance until the issues are put to rest by higher courts. *See U.S. v. Penaranda*, 375 F.3d 238, 245, 2004 WL 1551369, *6 (2d Cir.2004). This uncertainty is reflected in the numerous decisions issuing from district and circuit courts across the nation post-*Blakely*, few concurring on the effect of *Blakely* on the Sentencing Guidelines, though this Court has seen only two decisions in which the courts have found that *Blakely* does not apply to the Sentencing Guidelines. *See United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004); *see also United States v. Olivera–Hernandez*, 2004 WL 1714977, 2004 U.S.App. Lexis 15031 (D.Utah 2004).[1]

The United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2363, 147 L.Ed.2d 435 (2000), specifically endorsed the rule that it is unconstitutional for a legislature to remove from the jury the assessment of facts, other than the fact of a prior conviction, that increase the prescribed range of penalties to which a criminal defendant is exposed, and that such facts must be established by proof beyond reasonable doubt. In *Blakely*, the Supreme Court applied that rule to invalidate an upward departure under the Washington State sentencing guidelines system that was imposed on the basis of facts found by the court at sentencing because this process violated the defendant's Sixth Amendment rights.

As indicated above, the government and the defendant have taken opposite positions in this case. The defendant argues that the Sixth Amendment to the United States Constitution prohibits the obstruction of justice enhancement calculated in this case based upon her reading of *Blakely* as prohibiting the enhancement at sentencing by a district court as to factors not proven to a jury beyond a reasonable doubt or admitted by the defendant prior to sentencing. The government, on the other hand, argues that the rule of *Blakely* does not apply to the federal Sentencing Guidelines and the Guidelines may continue to be applied in their intended fashion, *i.e.*, through fact finding by a judge, under the preponderance of the evidence standard, at sentencing. The government argues that "*Blakely* did not invalidate the Federal Sentencing Guidelines, nor did it hold that its rule applies to the Guide-

---

**1.** The Court is also cognizant of the Sixth Circuit's opinion in *United States v. Montgomery*, 2004 WL 1562904 (6th Cir. July 14, 2004), in which the Court held that compliance with *Blakely* required the Guidelines to be displaced by an indeterminate sentencing system, in which the Sentencing Guidelines are merely "guidelines." As *Montgomery* was vacated on July 19, 2004, the Sixth Circuit has yet to provide any guidance regarding sentencing post-*Blakely*.

lines." United States' response at 3. It is quite true, as the government argues, and as Justice Scalia specifically noted, that the validity of the Federal Sentencing Guidelines was not specifically before the court in *Blakely* and that the court declined to express an opinion on them. *Blakely* at 2538 n. 9. Further, the government argues that a district court is bound by Supreme Court and Circuit Court precedent upholding the Guidelines against constitutional attack and to do otherwise would require this Court to overrule Supreme Court precedent, something this Court is not authorized to do.

The Court's initial inquiry on this issue, therefore, is to consider the proper role of the district court in a situation such as that now presented to the Court. There can be no argument that it is not within the province of a district court to overrule otherwise binding precedent of the Supreme Court. In *State Oil Co. v. Khan*, 522 U.S. 3, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997), the Supreme Court states that "it is [the Supreme Court's] prerogative alone to overrule one of its precedents." *State Oil*, at 20, 118 S.Ct. 275. Supporting the government's argument that there is clear and binding Supreme Court precedent on the constitutional validity of the Guidelines are numerous Supreme Court cases which have upheld the Guidelines as legal, constitutional and valid. *See Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (Guidelines are not an excessive delegation of legislative power); *Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (Guidelines sentence based on conduct not charged in the indictment does not place defendant in double jeopardy); *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam) (Guidelines sentence based on conduct of which defendant has been acquitted and proved by a preponderance of the evidence satisfies due process). The government

also correctly notes that the courts of appeals have widely held that the Guidelines also comport with due process. See United States response at 6, n 5. The government also cites to the Court *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (Court may impose Guidelines enhancement for perjury at trial in sentencing defendant for offense of conviction).

This Court is not persuaded by the government's position. While it is certainly true that a district court should not overrule clearly binding and existing precedent of the United States Supreme Court, this Court, on the other hand, has the duty to follow *and apply* those precedents. While some suggestion has been made that Sixth Amendment issues were raised in *Edwards*, this Court's reading of all of the cases cited by the government leads the Court to the clear conclusion that those cases were decided either on constitutional grounds other than a Sixth Amendment challenge or simply dealt with applications and interpretations of the Guidelines themselves. None dealt with a Sixth Amendment challenge under the Constitution. Thus, the *only* guidance from the United States Supreme Court and the only existing precedent from that court for this Court to consider in deciding a Sixth Amendment challenge is the *Blakely* decision itself and this Court is compelled to agree with Justice O'Connor, who, in her dissent, recognized that the structure of the Federal Guidelines, if anything, makes them more vulnerable to attack than the Washington State sentencing scheme at issue in *Blakely*. *Blakely*, at 2549. It is also significant to this Court that the *Blakely* majority chose at one point in its opinion a federal statute, 21 U.S.C. § 841(b)(1)(A) & (D) when responding to the "fairness" issue raised by Justice Breyer's dissent. There, Justice Scalia, writing for the majority, says:

"Any evaluation of *Apprendi's* "fairness" to criminal defendants must compare it with the regime it replaced, in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, See 21 U.S.C. §§ 841(b)(1)(A), (D), based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong . . ." *Blakely*, at 2542.

What then must this Court do to resolve this Sixth Amendment challenge to the Guidelines? The Court can either speculate that the Supreme Court will uphold the Guidelines against such a challenge because it has done so against other constitutional challenges or it can apply the recent rationale of *Blakely* to this case.

■ Applying *Blakely*, this Court is led to the almost inevitable conclusion that the rule of *Blakely* applies equally to the Federal Sentencing Guidelines. Although the government argues that the sentencing scheme at issue in *Blakely* is a legislatively created sentencing scheme, while the Guidelines were promulgated by an "independent commission in the judicial branch of the United States", this is a distinction without a difference. The Guidelines are not statutes but nevertheless have the force of law. *Stinson v. United States*, 508

U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Surely, the government cannot seriously suggest that the United States Constitution has a lesser degree of application to the acts of a federal commission mandated by Congress to promulgate these rules than it does to one of our sovereign states, particularly since *Blakely* focuses on the Sixth Amendment's fundamental right to a jury trial which neither the executive, legislative nor judicial branches may take away.

■ Applying *Blakely*, this Court **FINDS** that the Guidelines may be constitutionally applied only in those cases where no judicial fact finding is required to calculate a sentence, other than a finding of prior convictions. In this case, therefore, the Sixth Amendment to the United States Constitution prohibits the application of an obstruction of justice enhancement at sentencing by a district court where the facts supporting such an enhancement were not proven to a jury beyond a reasonable doubt or admitted by the defendant. When a defendant pleads guilty as in this case, the state is free to seek judicial sentence enhancements only if the defendant either stipulates to the relevant facts or consents to judicial fact finding. *Blakely*, at 2541.[2]

As *Blakely* applies to the federal Sentencing Guidelines, it follows that the Guidelines may remain constitutional and applicable only if the Guidelines sentence can be calculated without the finding of

---

**2.** This Court is mindful of the government's argument that the defendant *has* admitted the facts necessary to support the obstruction of justice enhancement by her initial failure to object in any way to the calculations contained in the Presentence Investigation Report. The Court rejects that argument for two reasons. First of all, the Supreme Court speaks in terms of a "stipulation" of the relevant facts by the defendant, something the defendant has not done in this case. Secondly, and more importantly, at the time the

defendant filed her statement of no objections, all parties operated under the assumption that the facts supporting the obstruction of justice enhancement would be found by the court based upon a preponderance of the evidence. It is one thing for a defendant to agree that certain facts exist by a preponderance of the evidence while it is quite another to suggest that a defendant would also agree that those same facts could be proven by the government to a jury beyond a reasonable doubt.

facts beyond those admitted by the defendant or the jury verdict on the elements of the offense of conviction, or if the defendant waives his right to a resolution of the contested factual issues under the *Blakely* procedural requirements.[3] In a case where there are applicable upward adjustments under the Guidelines, and the defendant contests the underlying facts, the Guidelines cannot, as a whole, be constitutionally applied.

■ As a practical matter, the Court is then confronted with essentially three options for sentencing post-*Blakely* in those cases where additional fact finding beyond the facts stipulated to by the defendant or found by a jury is required: (1) the court could impanel a sentencing jury to determine the facts underlying the enhancement beyond a reasonable doubt; (2) the court could continue to apply the guidelines in all cases, but only to the extent that additional fact finding beyond facts stipulated to by the defendant or found by a jury is not required; or (3) the court could treat the guidelines as unconstitutional in their entirety in those cases where additional fact finding is required and sentence within the applicable statutory sentencing range as the court did in

*United States v. Croxford,* 2004 WL 1462111 (D.Utah June 29, 2004).

This Court declines to utilize the first option, since there is no authority for such an approach.[4] Additionally, the Court concludes that this approach would be a cumbersome, burdensome procedure that, even in cases where there is a plea agreement, would often result in a full trial in order to resolve enhancement issues.[5] Such an approach would also contravene the clear intent of Congress and the Sentencing Commission. As the government points out in its brief, a sentencing system that incorporates jury findings on some factual issues with judicial findings on others could be created. However, it is not "within the province of the courts to fashion [such] a remedy" but rather is a matter that should be left to the legislature. *See* United States' response at 19. Simply put, it is not the province of the judiciary to rewrite language enacted by or authorized by the legislature. Convening a sentencing jury also raises substantial double jeopardy concerns.

The second procedure, at least in the short run, may result in inadequate, unjust and inappropriate sentences and distort

---

3. It has been suggested to the Court that, if the Guidelines are unconstitutional for any purpose, they are unconstitutional in whole. The Court is not persuaded by that argument for several reasons. First of all, the express language of *Blakely* indicated that "this case [*Blakely*] is not about whether determinate sentencing is constitutional, only about how it can be implemented in a way that respects the Sixth Amendment." *Blakely,* at 2540 Where the Guidelines may be calculated without the finding of facts beyond those admitted by the defendant or the jury verdict on the elements of the offense of conviction, there are no Sixth Amendment implications. It is only in a case where findings of fact beyond those stipulated to by the defendant or found by the jury are required in order to apply enhancements that the right to jury trial is implicated.

4. Just prior to passing this opinion to the Clerk, the Court became aware that the Ninth Circuit, on July 21, 2004, had found a sentence to be in violation of *Blakely,* vacated the sentence and remanded the case for the district court to convene a sentencing jury to try the enhancement issues. *See U.S. v. Ameline,* 376 F.3d 967 (9th Cir.2004).

5. Some may argue that downward adjustments and downward departures likewise must be based on factual findings made by a jury. Several factors lead this Court to believe such is not the case, *Blakely* deals only with upward adjustments, and the Sixth Amendment right belongs to the defendant, not the government. *See Blakely,* at 2539.

the purposes of the guidelines in a way never intended by Congress. This option would require severing, in some cases, the unconstitutional aspects of the guidelines while applying the remaining provisions, resulting in a sentencing system which would be distorted in a manner that could not have been intended by Congress or the Sentencing Commission.

The third option would permit the Court to impose a sentence consistent with Congress' intent, as evidenced by the sentencing ranges set forth in the criminal statutes. Further, this third option will avoid the grossly inadequate and unjust sentences necessarily resulting under the second option which would clearly distort the purpose of the Guidelines and Congress' intent in promulgating authority for the enactment of the Guidelines. Recently, the problem of wholly inadequate and unjust sentences was clearly illustrated in *United States v. Shamblin,* 323 F.Supp.2d 757 (S.D.W.Va.2004), in which a defendant's sentence was reduced from a guideline sentence of 240 months to 12 months after *Blakely* was applied and no sentencing enhancements were used.

While the defendant in this case implicitly urges that the Court apply the second option, the Court finds the government's argument that the Guidelines enhancements and the procedures for applying them are not severable from the Guidelines as a whole and arguing that the court should impose a sentence within the statutory maximum and minimum to be persuasive. The Court will, therefore, for the reasons set forth below, utilize the third option.

As set forth above, the enhancement provisions of the federal Sentencing Guidelines generally may be applied in a given case only if the necessary facts have been found by a jury beyond a reasonable doubt or the defendant has stipulated to the facts necessary for the application of the enhancement. Having found the application of the guidelines to this particular case to be unconstitutional, the Court must consider whether or not the unconstitutional provisions may be severed from the remaining provisions. This Court is mindful of its responsibility to refrain "from invalidating more of the statute than necessary." *Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987). The question of whether the unconstitutional provisions are severable turns on an assessment of whether Congress would have enacted the provisions that remain constitutional absent the others. *Minnesota v. Mille Lacs Band of Chippewa Indians,* 526 U.S. 172, 119 S.Ct. 1187, 143 L.Ed.2d 270 (1999). "Unless it is evident that the legislature would not have enacted those provisions which are within its power, independent of that which is not, the invalid part may be dropped if what is left is fully operative as law." *Buckley v. Valeo,* 424 U.S. 1, 108, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). The inquiry for this Court then is whether the Guidelines will function, absent the unconstitutional provisions, in a manner consistent with the intent of Congress. Congress clearly intended the Guidelines to be applied by judges at sentencing, not by juries, and specified that the sentencing court, not the jury, shall make the factual determinations except for those determinations which establish elements of the crime. It is hard for this Court to imagine that it can be reasonably argued that Congress would have intended the result which would come from applying the Guidelines absent the unconstitutional provisions. For these reasons, the Court believes that the third option is the only one reasonably available to it.

Therefore, the Court FINDS that *Apprendi/Blakely* mandates a finding by this Court that the determinate sentencing scheme established by the Guidelines as

applied to this case violates the Sixth Amendment of the United States Constitution and can no longer be used in this or any other case except where the Guidelines permit calculation of the defendant's sentence based upon a jury verdict or a stipulation of facts by the defendant. This Court will, therefore, return to an indeterminate sentencing scheme and will determine the defendant's sentence by reference to the statutory range established by Congress utilizing the traditional discretion vested in a district judge for that purpose in this and all cases where the guidelines cannot be constitutionally applied, pending needed direction from an appellate court or a new sentencing scheme enacted by Congress. The Court will, however, give serious consideration to the sentencing range applicable under the most analogous guidelines provisions and give that range "due regard" in imposing sentence. The third option for post *Blakely* sentencing, ironically, would permit the sentencing court, as a matter of discretion, to consider the same factors that would be considered unconstitutional under *Blakely*, so long as the defendant is sentenced within the statutory range.

■ This defendant entered a plea of guilty to a one (1) count information on February 23, 2004, charging her with health care fraud in violation of Title 18 U.S.C. § 1347. In the agreed factual basis submitted to the Court with her plea agreement, the defendant admitted to fraudulently billing the TennCare program for "approximately $16,523.86." The Sentencing Guidelines establish a base offense level for Ms. Agett of 6. Additionally, the Probation Officer added 4 levels pursuant to § 2B1.1(b)(1)(C), for a loss exceeding more than $10,000.00. The adjustment for obstruction of justice pursuant to § 3C1.1 added an additional 2 levels, and the defendant's level was reduced by 2 for her acceptance of responsibility pursuant to § 3E1.1(a), resulting in a total offense level of 10.

Because the defendant, in her agreed factual basis, stipulated to a loss of "approximately $16,523.86," a sum well in excess of $10,000.00, the defendant has essentially waived any rights created by *Blakely* which would require a jury determination of the loss pursuant to § 2B1.1(b)(1)(C). However, what is clearly implicated by the *Blakely* decision is the enhancement for obstruction of justice.

Since it is clear that any fact "essential to the punishment" of the defendant must be either admitted by the defendant or proven to a jury beyond a reasonable doubt, in sentencing this defendant, the Court cannot consider the increase of two levels for obstruction of justice included in the presentence investigation report, since the evidence supporting that finding was neither admitted by this defendant, nor proven to a jury.

It is noteworthy that the *Blakely* Court contemplated this very situation, Justice Scalia stating:

> Another example of conversion from separate crime to sentence enhancement that Justice O'CONNOR evidentially does not consider going "too far" is the obstruction-of-justice enhancement, See *post*, at 2546. Why perjury during trial should be grounds for judicial sentence enhancement on the underlying offense, rather than an entirely separate offense to be found by a jury beyond a reasonable doubt as it has been for centuries, See 4 W. Blackstone, Commentaries on the Laws of England 136–138 (1769), is unclear.

*Blakely,* at 2540 n. 11.

Because this Court finds that the sentencing of this defendant pursuant to the Guidelines would require the Court to find facts neither admitted by the defendant or

proven to a jury, the Court **FINDS** that the Sentencing Guidelines are unconstitutional as applied to this defendant, and accordingly, she will be sentenced under the applicable statutory range, which, pursuant to 18 U.S.C. § 1347, is a sentence of not more than 10 years.