

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2007

# USA v. Grass

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Grass" (2007). *2007 Decisions.* Paper 681.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/681

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4389
_____

UNITED STATES OF AMERICA

v.

NICHOLAS C. GRASS
a/k/a NICKY GRASSO

Nicholas Grass,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00120-01)
District Judge: Hon. Eduardo C. Robreno

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 14, 2007

Before: McKEE,  STAPLETON, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed: July 30, 2007)

_____

OPINION
_____

MCKEE, <u>Circuit</u> <u>Judge</u>:

Nicholas Grass appeals the sentence that was imposed following his conviction for offenses arising from his involvement in a conspiracy to distribute methamphetamine. The only issue raised on appeal is whether the sentencing court erred in determining the quantity of that controlled substance for purposes of sentencing. For the reasons that follow, we will affirm.[1]

## I.

Inasmuch as we write primarily for the parties, we need not set forth the factual or procedural background except insofar as may be helpful to our brief discussion. Grass argues that the evidence of drug quantity was too tenuous to allow the court to hold him responsible for ten pounds of methamphetamine.

In his initial brief, Grass argued that the Government must establish facts relevant only to sentencing by proof that is "at least 'clear and convincing,' if not by proof beyond a reasonable doubt." Appellant's Br. at 19. However, he made that argument before our decision in *United States v. Grier*, 475 F.3d 556 (3d. Cir. 2007)(*en banc*). In the Reply Brief filed after *Grier*, Grass concedes that we have "authoritatively determined that a preponderance of reliable evidence [is] the applicable burden of proof in the district court." Reply Br. at 1. He nevertheless maintains that the contradictions and inconsistencies on this record cannot satisfy even that standard.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a sentencing court's findings of drug quantity for purposes of sentencing for clear error. *United States v. Sau Hung Yeung*, 241 F.3d 321, 322 (3d Cir. 2001). If a sentence rests upon an unsupported or clearly erroneous finding of fact, it is deemed "unreasonable" and cannot stand. *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

The Sentencing Guidelines Commentary Provides that where "there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, Application Note 12. Consequently, the District Court must "determine the amount and kind of controlled substance for which [the] defendant should be held accountable and then . . . impose a sentence that varies depending on the amount and kind." *Edwards v. United States*, 523 U.S. 511, 513-14, (1998). The evidence, "which need not be admissible at trial, must possess 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 2002) (citing *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993). "[T]he sentencing court must carefully scrutinize the government's proof to ensure that its estimates are supported by a preponderance of the evidence." *United States v. Paulino*, 996 F.2d at 1545.

Here, the District Court listened to the evidence that was presented at Grass's original trial and retrial as well as the sentencing hearing.[2] The District Court concluded

---

[2] Grass concedes that the sentencing court could consider evidence from the initial trial as well as the retrial that he won on appeal. *See* Appellant's Br. at 7 (The 'facts' that were before

that Grass was responsible for a total of ten pounds of methamphetamine based upon testimony that he received two deliveries of five pounds each on two separate occasions. That testimony was corroborated by taped conversations involving coconspirators. For example, during the August 11th conversation, McKee told Haefele that Nick was "sitting on money." 2App at 385. At trial, McKee explained that this referred to a payment of $50,000 that Grass still owed for the second five-pound distribution of "meth," that Grass had received on credit. Although Grass argues that that testimony is less than credible and that it is inconsistent with the "grand total," Appellant's Br. at 12, that the cooperating witnesses claimed to have delivered, we believe that the quality and quantity of the evidence before the District Court is sufficient to survive review for clear error.

Although (as defense counsel meticulously elaborates in his brief) the record is not without conflict and contradiction, the District Court's resolution of those conflicts and contradictions is not clearly erroneous. Rather, the District Court examined the government's proof "to ensure that its estimates are supported by a preponderance of the evidence." *United States v. Boone*, 279 163, 184 (3d Cir. 2002). *See* 2App at 732a. Grass argues that the District Court's implicit rejection of all "of [his] arguments why the ten-pound determination was unreliable[]" cannot stand absent more explanation than the District Court provided. Appellant's Br. at 7. The District Court simply explained "that the conflict in the testimony, to the extent that there is a conflict, is not sufficient to bring

_____

the sentencing court are found in the record of two trials, . . .".).

4

the proof below the level of a preponderance of the evidence." 2App. at 732a.

Under U.S.S.G. § 1B1.3(a)(1)(A), a defendant's guideline range is determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." A defendant is accountable for all quantities of a controlled substance that he is directly involved with. In the case of jointly undertaken activity, the defendant is responsible for the quantity of drugs that are reasonably foreseeable and within the scope of the jointly undertaken criminal activity. U.S.S.G. § 1B1.3, *commentary*, application note (2)(ii).

The District Court considered all of the evidence that was presented as well as the competing arguments of defense counsel and the Government and imposed a sentence based upon the court's conclusion that the preponderance of the evidence established that Grass received two five pound deliveries of methamphetamine on two different occasions. That finding was based upon the court's resolution of the conflicts and ambiguities in the record, and its conclusion is supported by the record. Accordingly, we can not conclude that the District Court's conclusion that Grass was responsible for ten pounds of methamphetamine was clearly erroneous.

II.

For the reasons set forth above, we will affirm the judgment of sentence.

5