OPINION
PER CURIAM.
Anthony Long appeals pro se from the District Court’s order denying his motion under 18 U.S.C. § 3582(c)(2) to modify his sentence. We will affirm.
I.
In 1991, a federal grand jury indicted Long and twenty-five others on charges relating to their involvement with a drug gang called the “Junior Black Mafia.” Long himself was charged with one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and an unspecified amount of heroin in violation of 21 U.S.C. § 841(a)(1). A jury found him and six others guilty of that charge. The District Court sentenced Long to 360 months of imprisonment. That sentence was based on a Criminal History Category of III and a Sentencing Guidelines base offense level of 42, which in turn was based on Long’s responsibility for 520 kilograms of cocaine and a two-level enhancement for possession of a firearm during the offense. We affirmed both his conviction and his sentence. See United States v. Price, 13 F.3d 711, 734 (3d Cir.1994). Long has since challenged his sentence by filing a motion under 28 U.S.C. § 2255 and two motions under 18 U.S.C. § 3582(c)(2), to no avail.
In 2008, Long filed pro se a third motion under § 3582(c)(2), which is the motion at *809 issue here. Long relies on three amendments to the Sentencing Guidelines: (1) Amendment 505, which eliminated former base levels 38, 40 and 42, and replaced them with a revised maximum base level of 38; (2) Amendment 706, which decreased the base offense level for crack cocaine offenses set forth in U.S.S.G. § 2Dl.l(e)(l); and (3) Amendment 709, which amended the treatment of certain prior sentences and offenses for purposes of determining a defendant’s criminal history score under U.S.S.G. § 4A1.2(c). He also argued that he was entitled to relief under the “safety valve” provision of 18 U.S.C. § 3553(f), which authorizes district courts to impose a sentence below the statutory mandatory minimum when a defendant meets five statutory requirements. The District Court denied Long’s motion by memorandum and order entered March 18, 2009, 2009 WL 703942, and Long, appeals.[1]
II.
The District Court’s memorandum thoroughly explains why Long is not eligible for sentencing relief, and we will affirm substantially for the reasons stated therein. On appeal, Long concedes that Amendment 505 affords him no relief unless he is entitled to relief also under Amendments 706 or 709, and raises no argument regarding the “safety valve” provision of § 3553(f). Thus, we address only his arguments regarding Amendments 706 and 709.[2]
First, Long argues that he is entitled to relief under Amendment 706, which
“decreased by two levels the base offense level for crack cocaine offenses.” United States v. Wise, 515 F.3d 207, 219 (3d Cir.2008). As the District Court explained, this argument fails for the simple reason that crack cocaine played no role in determining Long’s sentence. Long was convicted only on one count of conspiracy regarding cocaine and heroin, not crack cocaine, and the only substance that played a role in determining his sentence was 530 kilograms of cocaine. See Price, 13 F.3d at 733-34. Long cites references to crack cocaine in portions of the indictment and in court opinions regarding some of his co-defendants, and argues that Amendment 706 entitles him to relief because crack was “in his case.” The fact remains, however, that crack eocaine played no role in determining his sentence, and “ ‘to say that [his] sentence was “based on” the crack cocaine guideline strains credulity.’ ” See Mateo, 560 F.3d at 154-55 (rejecting resort to Amendment 706 where sentencing range was not based on crack cocaine) (citation omitted). Long also relies on Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), for the proposition that district courts may sentence on the basis of “relevant conduct,” which may include conduct other than the .offense of conviction. In Edwards, however, the District Court expressly sentenced the defendant on the basis of crack cocaine, which did not happen here, and Edwards otherwise has no relevance to any issue on appeal. Thus, *810 Amendment 706 has no bearing on Long’s sentence.
Second, Long argues that he is entitled to relief under Amendment 709, which amended the treatment of certain prior sentences and offenses for purposes of determining a defendant’s criminal history score. The District Court held that Long may not seek relief under Amendment 709 by means of a § 3582(c)(2) motion because the Sentencing Commission has not made Amendment 709 retroactive. We agree.[3] Section 3582(c)(2) authorizes reduction of a sentence “based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” but only “if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” § 3582(c)(2). The policy statement applicable here is contained in U.S.S.G. § lBl.ll(a), which authorizes a sentence reduction on the basis of a subsequent Guideline amendment only if the Commission makes the amendment retroactive by including it in U.S.S.G. § lBl.ll(c). See Wise, 515 F.3d at 221. The Commission has not made Amendment 709 retroactive, see U.S.S.G. § 1B1.11(c), so that amendment provides no basis for relief under § 3582(c)(2), see Wise, 515 F.3d at 221. Long argues that U.S.S.G. § lBl.ll(a) has been rendered merely advisory by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), but we have squarely rejected that argument and have held that that provision remains binding on the district courts. See United States v. Doe, 564 F.3d 305, 312-14 (3d Cir.2009); Mateo, 560 F.3d at 155-56; Wise, 515 F.3d at 221 n. 11. Long’s reliance on United States v. Horn, 590 F.Supp.2d 976 (M.D.Tenn.2008), which reached the opposite conclusion, is misplaced.
Accordingly, we will affirm.

. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court’s interpretation of the Guidelines de novo and its ultimate disposition of a § 3582(c)(2) motion for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009).

. Nevertheless, we note our agreement with the District Court’s rationale for rejecting Long's remaining arguments. Long also continues to challenge the District Court's original imposition of a two-level enhancement for possession of a firearm, which was part of the sentence we affirmed in 1994. See Price, 13 F.3d at 734. The District Court properly explained that § 3582(c)(2) does not allow him to litigate that issue. See United States v. Styer, 573 F.3d 151, 153-54 (3d Cir.2009).

. The District Court further concluded that, even if Long were eligible to seek relief under Amendment 709, application of the amend-merit would have no effect on his sentence. In light of our disposition, we need not address that issue.